

**GREAT AMERICAN INSURANCE GROUP**

1315 W Commerce Drive
Peoria IL 61615-1462

GreatAmericanInsurance.com

Crop Insurance Division
800.345.1065 toll-free
309.689.1055 fax
309.689.1065 ph

August 21, 2020

Mr. Nick Boersen
New Heights Farm II, LLC
6241 Ransom Street
Zeeland, MI 49464

      Re:    Notification of USDA Investigation
             RMA Case Number: SIS-2020-00024
             Policy: New Heights Farm II Policy Nos. 2019-MI-084-1139526, 1139527

Dear Mr. Boersen:

Your policy provisions and binding USDA Risk Management Agency (RMA) policy interpretations prohibit Great American Insurance Company from paying or otherwise determining your 2019 crop year claims at this time. We are also deferring further adjustment of your loss claim until RMA and the USDA Office of Inspector General (OIG) completes ongoing investigations. Our explanation for those actions follows below.

RMA formally notified Great American that RMA's Special Investigations Staff (SIS) has opened an investigation of suspected fraud in regard to your policy and claims, and also that OIG has opened its own investigation of suspected wrongdoing in relation to the same.

Our notice to you concerning these circumstances was delayed at the behest of RMA and other federal agency investigators, who had until now indicated that we should withhold this notice. We are mindful of the inconvenience which that unavoidably caused.

As you know, Great American has been investigating and adjusting your crop year 2019 claims, and we appreciate the cooperation you provided as that process unfolded. We have not made any determinations as of this date in relation to any of your claims because we have been unable to accurately determine whether there is, or the correct amount of, any loss. And in light of the pending RMA and OIG investigation processes and the fact that their findings are likely to affect our loss determination, Great American remains unable to do so at this time. In such circumstances, the policy terms and other applicable authorities instruct us to defer further adjustment and to otherwise withhold any payment which might be due while any USDA investigation is ongoing.

Notification of USDA Investigation
August 24, 2020
Page 2

Specifically, section 14(h) of the Basic Provisions of your policy terms instructs that Great American should "*defer adjustment of a loss until the amount of loss can be accurately determined.*"  In addition, Basic Provisions section 14(f)(3) prohibits Great American from paying any losses determined to exist until the "*Completion of any investigation by USDA, if applicable, of your current or any past claim for indemnity if no evidence of wrongdoing has been found.*"

Prior Federal Crop Insurance Corporation (FCIC) interpretative directives also govern in this situation.  In Final Agency Determination No. FAD-270 (2016), FCIC indicated:

> *… Section 14(f)(3) (Our Duties) … requires withholding payment pending an investigation of a current or any past claim for indemnity when there is evidence of wrongdoing on the part of the policyholder. FAD-78 further explains that delay in paying any claim applies if the USDA Office of Inspector General (OIG) investigates a policyholder's current or past claim because of such suspected wrongdoing, the AIP is prohibited from paying a current year's replanting, prevented planting payment, or claim for indemnity until the investigation is complete. … likewise, if the RMA Compliance Office provides written notification to the AIP not to initiate payment pending an investigation, the AIP is prohibited from making payment. Therefore, if either of these criteria are met, the AIP is prohibited from making payment.*
>
> *There is nothing within the policy or subsequent FADs that states the specificity of the nature of the suspected wrongdoing must be provided to withhold payment. In fact, in most investigations of wrongdoing, FCIC does not discuss the nature of the specific wrongdoing in order to protect the integrity of the investigation. …*
>
> *… The policy is clear that until the investigation is complete, no indemnity or other payment can be made.*
>
> *… Once all investigations are concluded, an indemnity or other payment can be made if no evidence of wrongdoing has been found.*
>
> (See https://legacy.rma.usda.gov/regs/533/2016/fad-270.html)

Also, FAD-190 (2013) specifies that commencement of an investigation is not itself a determination which is subject to the policy's appeal processes:

> *… In order for there to be an arbitration or request for reconsideration there must be a decision or determination in which the insured disagrees. The fact that a claim is under investigation does not in and of itself constitute a decision or determination that is subject to arbitration or reconsideration. However, if there has been a decision or determination unrelated to the investigation, the insured is entitled to seek arbitration or reconsideration of the determination within the timeframes specified in the policy. …*

Notification of USDA Investigation
August 24, 2020
Page 3

(See https://legacy.rma.usda.gov/regs/533/2013/fad-190.html)

FCIC's Final Agency Determinations, including those above, are *"binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect."* See 7 CFR §400.766(b)(2) (2020 edition).

We therefore must await the completion and results of the ongoing RMA and OIG investigations before we can make any determinations in relation to your 2019 claims.

**If and when the company makes a determination which you dispute, you have the right to resolve your disagreement through arbitration in accordance with Basic Provisions ¶20.** I have enclosed a copy of *"Your Right to Resolve Crop Insurance Disputes,"* which contains a complete overview of your rights.

Section 21(b) of the Basic Provisions normally requires you as a policyholder to retain the originals of all of the records in your possession which pertain to your insured and uninsured crops, your APH certification, or to any claim for a 3-year period (see section 21(b)(1) and (2) for the particulars of those requirements). However, **we hereby notify you that you should retain such records until the later of the end of that 3-year period or when you are notified by us or USDA that the USDA investigation processes have concluded.** Section 21(c) permits us to extend that record retention period in this manner.

By way of background, the United States Department of Agriculture, Risk Management Agency (RMA) governs federally reinsured crop insurance policies. RMA authors or approves the policy provisions, which are federal law, as well as underwriting and claims adjusting procedures. The policy terms and conditions preempt any contrary state laws. Neither Great American Insurance Company nor any of its adjusters, employees, or agents have the power to waive any provisions of the policy terms (see the introductory paragraphs to your policy's Basic Provisions). All companies issuing federally reinsured policies must abide by RMA's rules, regulations, practices, and procedures in the administration of the federal crop insurance program and in the determination of all claims, and Great American has undertaken the actions herein in compliance with those RMA requirements. Great American and RMA also have the right to review and audit your policy, application, acreage report, production history, guarantee, and any claims you have made, in order to ensure compliance with RMA requirements.

We greatly value our business relationship with all of our customers and agents and are committed to administering all Multi-Peril Crop Insurance policies and claims in accordance with the Risk Management Agency's policy language and procedural requirements.

Sincerely,

*[signature]*

Craig Eversole
Senior Claims Manager
Great American Insurance

cc: Agent
Loss file

Attachment: *Your Right to Resolve Crop Insurance Disputes*

NHgreatamerican001675