# USDA Risk Management Agency
United States Department of Agriculture

About RMA | Field Offices | Contact Us | ¡En Español!

What's New | Newsroom | Programs | Blog

Site Map | A-Z Index | Help | Search Tips

You are: Home / Laws and Regulations / Final Agency Determination: FAD-190

**Popular Topics**
- Appendix III/M-13
- Bulletins and Handbooks
- Crop Policies and Pilots
- Federal Crop Insurance Corp
- Field Offices: ROs | COs
- Frequently Asked Questions
- Information Browser
- Laws and Regulations
- Livestock Policies
- Reinsurance Agreements
- Risk Management Education

## Final Agency Determination: FAD-190

**Subject**: Request dated May 28, 2013, to the Risk Management Agency (RMA) requesting a Final Agency Determination for the 2011 crop year regarding the interpretation of section 14(f) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. § 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background**:

Section 14 of the Basic Provisions states, in relevant part:

> 14. Duties in the Event of Damage, Loss, Abandonment, Destruction, or Alternative Use of Crop or Acreage.
>
> *****
>
> Our Duties:
>
> (f) If you have complied with all the policy provisions, we will pay your loss within 30 days after the later of:
>
> > (l) We reach agreement with you;
> >
> > (2) Completion of arbitration, reconsideration of determinations regarding good farming practices or any other appeal that results in an award in your favor, unless we exercise our right to appeal such decision;
> >
> > (3) Completion of any investigation by USDA, if applicable, of your current or any past claim for indemnity if no evidence of wrongdoing has been found (If any evidence of wrongdoing has been discovered, the amount of any indemnity, prevented planting or replant overpayment as a result of such wrongdoing may be offset from any indemnity or prevented planting payment owed to you); or
> >
> > (4) The entry of a final judgment by a court of competent jurisdiction.
>
> *****

**Interpretation Submitted**

The requestor, interprets that section 14(f) does not prohibit an insured from exercising the insured 's right to arbitration, reconsideration of determinations regarding good farming practices, or any other appeals while an investigation by the United States Department of Agriculture (USDA) of the insured's current or past claims for indemnities, as described in section l4(f)(3), is pending. However, if an arbitration, reconsideration of determinations regarding good farming practices, or any other appeal results in an award or judgment in the insured's favor, the approved insurance provider need not pay the award or judgment until 30 days after the investigation by USDA is complete. Furthermore, if evidence of wrongdoing on the part of the insured is discovered during the USDA investigation, the amount to which the insured is determined to be owed by any award or judgment must be offset by any overpayment received by the insured in a past year as a result of such wrongdoing or any overpayment that the insured would have received in the current year as a result of such wrongdoing.

**Final Agency Determination**

FCIC agrees with the requestor's interpretation that section 14(f) does not prohibit an insured from exercising the insured's right to arbitration, or reconsideration of determinations including while an investigation by USDA is ongoing. In order for there to be an arbitration or request for reconsideration there must be a decision or determination in which the insured disagrees. The fact that a claim is under investigation does not in and of itself constitute a decision or determination that is subject to arbitration or reconsideration. However, if there has been a decision or determination unrelated to the investigation, the insured is entitled to seek arbitration or reconsideration of the determination within the timeframes specified in the policy. FCIC agrees with the requestor that if the arbitration or reconsideration process determines that an indemnity is due, no indemnity will be paid until 30 days after the completion of the investigation. Further, if the investigation concludes that an indemnity was erroneously paid, the overpayment will be deducted from any amount of indemnity determined owed in the arbitration or reconsideration process.

In accordance with 7 C.F.R. § 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

*Date of Issue*: August 13, 2013

RMA Home | Site Map | Copyright | Reporting Fraud | Careers | Policies and Links | Accessibility Statement | Privacy Policy
Non-Disclosure Agreements Notice | Non-Discrimination Statement | No Fear Act | Information Quality | FOIA | USA.gov | Whitehouse.gov

Exhibit 3