# Final Agency Determination: FAD-192

**Subject**: Request dated July 12, 2013, to the Risk Management Agency (RMA) requesting a joint Final Agency Determination for the 2010 crop year regarding the interpretation of section 14(d)(1), 14(h)(1) and 27(a) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. §457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background**:

Section 14 of the Basic Provisions states, in relevant part:

> 14. Duties in the Event of Damage, Loss, Abandonment, Destruction, or Alternative Use of Crop or Acreage.
>
> Your Duties:
>
> *****
>
> (d) You must:
>
> (1) Provide a complete harvesting and marketing record of each insured crop by unit including separate records showing the same information for production from any acreage not insured. In addition, if you insure any acreage that may be subject to an indemnity reduction as specified in section 15(e)(2) (for example, you planted a second crop on acreage where a first insured crop had an insurable loss and you do not qualify for the double cropping exemption), you must provide separate records of production from such acreage for all insured crops planted on the acreage. For example, if you have an insurable loss on 10 acres of wheat and subsequently plant cotton on the same 10 acres, you must provide records of the wheat and cotton production on the 10 acres separate from any other wheat and cotton production that may be planted in the same unit. If you fail to provide such separate records, we will allocate the production of each crop to the acreage in proportion to our liability for the acreage; and
>
> *****
>
> (h) It is your duty to prove you have complied with all provisions of this policy.
>
> (1) Failure to comply with the requirements of section 14(c) (Your Duties) will result in denial of your claim for indemnity or prevented planting or replant payment for the acreage for which the failure occurred. Failure to comply with all other requirements of this section will result in denial of your claim for indemnity or prevented planting or replant payment for the acreage for which the failure occurred, unless we still have the ability to accurately adjust the loss (Even though no indemnity or other payment is due, you will still be required to pay the premium due under the policy for the unit); and

Section 27(a) of the Basic Provisions states:

> 27. Concealment, Misrepresentation or Fraud.
>
> (a) If you have falsely or fraudulently concealed the fact that you are ineligible to receive benefits under the Act or if you or anyone assisting you has intentionally concealed or misrepresented any material fact relating to this policy:
>
> (1) This policy will be voided; and
>
> (2) You may be subject to remedial sanctions in accordance with 7 CFR part 400, subpart R.
>
> *****

The requestor states that identical or nearly identical language is set forth in the Crop Revenue Coverage (CRC) and Revenue Assurance (RA) insurance policies. Accordingly, they request this Final Agency Determination explicitly be made applicable to the CRC and RA policies as well.

**Interpretation Submitted**

Two interpretations were submitted in this joint FAD request.

First requestor's interpretation:

The first requestor states under fundamental principles of law and FAD-018, a misrepresentation or concealment of harvesting or marketing records, even if intentional, is not material if (a) the insurer was aware of the misrepresentation or concealment and (b) the misrepresentation or concealment did not affect the insurer's ability to accurately adjust a loss. Under section 27(a) of the Basic Provisions, not all intentional concealments or misrepresentations result in voidance of a policy. Voidance only results if the concealment or misrepresentation relates to a "material fact."

It is a fundamental principle of law of universal application that in order to entitle one to relief because of false representations, the person claiming to have been deceived must have relied upon the representations and must have been induced thereby to act to his injury. It is equally well settled that if the complaining party resorts to sources of information other than the representations made in order to ascertain the facts, he is scarcely in position to claim he has relied upon the representations so made. *Imperial Assur. Co. Of New York v. Joseph Supornick & Son, Inc.*, 194 F.2d 930, 934-935 (8th Cir. 1950). An insured's breach of a policy provision will not lead to forfeiture of insurance benefits absent a showing that the insurer has been

prejudiced. *Kluball v. American Family Mutual Insurance Company*, 706 N.W.2d 912, 917 (Minn.Ct.App. 2005).

Thus, if an insurer is aware of a misrepresentation or concealment of harvesting or marketing records, does not rely on the same and is able to accurately adjust the loss, the misrepresentation or concealment could not possibly have been "material."

This interpretation is in accordance with FAD-018, where RMA was asked to interpret 7 C.F.R. §457.7 of the Common Crop Insurance Policy Basic Provisions, which provided:

> No indemnity shall be paid unless the insured complies with all terms and conditions of the contract.

The RMA held:

> Failure to comply with the policy requirements constitutes a breach of the insurance contract and could jeopardize receipt of any indemnity if such breach is determined to be substantive. For example, if the breach results in the inability to accurately determine the amount of loss or whether a loss occurred, then no indemnity could be paid.

> However, when failure to comply with a provision is determined to not affect the amount or existence of a loss in any way, or when the policy provides a remedy for the failure to comply with a policy term, then an indemnity may still be paid.

FAD-018 thus held that a breach which does not affect the insurer's ability to accurately determine the amount of loss is not "substantive," which is identical to being not "material."

This interpretation is also in accordance with the definition of "material" set forth in Black's Law Dictionary (9th Ed. 2009):

> Of such a nature that knowledge of the item would affect a person's decision-making; significant; essential.

If an insurer was aware of and did not rely on a misrepresentation or concealment, such acts could not possibly have affected its decision-making and could not possibly be "material."

Also, sections 14(d)(1) and 14(h)(1) of the Basic Provisions establish that an alleged concealment or misrepresentation of harvesting or marketing records is not material if an insurer still has the ability to accurately adjust a loss.

Section 14(h)(1) deals specifically with the effect of the failure to provide complete harvesting and marketing records as required by section 14(d)(1); section 27(a) is general. Case law holds that where one intention is expressed in one clause of an instrument and a different conflicting intention appears in another clause of the same instrument, full effect should be given to the clause which is the more principal and specific, and the general clause should be given to the clause which is the more principal and specific, and the general clause should be subjected to such modification or qualification as the specific clause makes necessary. *Herington v. J.S. Alberici Construction Company, Inc.*, 639 N.E.2d 907, 910 (5th Dist. 1994).

The specific intention of section 14(h)(1) is clear. The failure to comply with section 14(c) results in a denial of a claim, with no exceptions. All other failures to comply with the requirements of section 14 result in a denial, unless the insurer still has the ability to accurately adjust the loss. No distinction is drawn between intentional and unintentional failures. The drafter of the Basic Provisions thus knew how to draft an automatic denial with no exceptions when it wanted to, but specifically chose not to do so when dealing with the failure to provide complete harvesting and marketing records. (The first requestor notes for 2011, 14(h)(1) was deleted and 14(e)(5) states that the failure to provide complete harvesting, production and marketing records results in a denial of the claim. However, this regulation was not in effect in 2010.)

Under FAD-018, an indemnity may still be paid where the policy provides a remedy for the failure to comply with a policy term. Section 14(h)(1) provides such a remedy; the failure to comply with the requirements of section 14(d)(1) results in a denial of a claim, unless the insurer still has the ability to accurately adjust the loss.

Section 14(h)(1) thus establishes that a failure, even if intentional, to provide complete harvesting and marketing records does not result in voidance of the policy if the insurer still has the ability to accurately adjust the loss, i.e., such a failure is not "material" under section 27(a).

At a minimum, section 14(d)(1), 14(h)(1) and 27(a) conflict or create an ambiguity. Insurance forfeitures are not favored in law, as insurance serves an important purpose in contemporary society: the broad sharing of risks and losses helps alleviate the expense of misfortune. Thus, even in doubtful cases, courts should be quick to find facts supporting coverage. *Abbey v. Lumbermen's Mutual Casualty Co.*, 404 N.E.2d 991, 992 (4th Dist. 1980). Therefore, the fundamental law of construction in insurance contracts is that all uncertainty should be resolved in favor of the insured. Where ambiguity exists in an insurance contract, or where an equivocal expression is included narrowing the range of liability, language used will be liberally construed to effectuate indemnification. *J.M. Corbett Co. v. Insurance Company of North America*, 357 N.E.2d 125, 127-128 (1st Dist. 1976). If an insurance contract contains inconsistent or conflicting clauses, the clause which affords the greater or more inclusive benefit for the insured will govern. *Standard Mut. Ins. Co. v. General Gas Companies*, 525 N.E.2d 965, 969 (1st Dist. 1988).

Further, FCIC drafted the Basic Provisions and reinsured the crop insurance policies issued by an insurer. FCIC is thus an insurer. If a provision in an insurance policy is ambiguous, it will be construed in favor of the insured and against the insurer as drafter. *A.D. Desmond Company v. Jackson National Life Insurance Company*, 585 N.E.2d 1120, 1122 (2nd Dist. 1992). As noted, forfeitures are not favored in law, and the party claiming a forfeiture will not be permitted, upon equivocal or doubtful clauses or words contained in his own contract, to deprive the other party of the benefit of the right or indemnity for which he contracted. *Phoenix Ins. Co. v. Pickel*, 21 N.E. 546, 549 (Ind. 1889).

At a minimum, sections 14(d)(1), 14(h)(1) and 27(a) conflict or create an ambiguity as to whether an alleged misrepresentation or concealment of marketing and harvesting records of which the insurer was aware, and which did not affect the insurer's ability to accurately adjust a loss, voids a policy. The language of these sections should thus be construed in favor of indemnification.

The definition of "material" under 7 C.F.R. 400.452 is specifically applicable only to Part 400, Subpart R and not to the Basic Provisions (Part 457).

An alleged misrepresentation or concealment of which the insurer was aware and on which it did not rely (a) cannot cause and does not have the potential to cause a monetary loss to the crop insurance program, and cannot possibly adversely affect its integrity (b) cannot potentially harm the program's reputation and (c) cannot possibly allow a person to be eligible for benefits they would not otherwise be entitled to.

7 C.F.R. §400.352 provides that state laws and decisions may not affect or govern agreements or contracts authorized by this part unless such authority is specifically authorized by this part or by the FCIC.

The FCIC issued the Basic Provisions (7 C.F.R. §457.8). Section 31 of the Basic Provisions provides that state laws in conflict with federal statutes, the Basic Provisions and the applicable regulations do not apply. The Basic Provisions is construed under state law to the extent state law does not conflict with the policy provisions. *Kroeplin Farms General Partnership v. Heartland Crop Insurance, Inc.*, 430 F.3d 906, 910-911 (8th Cir. 2005).

Federal statutes, the Basic Provisions and the applicable regulations do not define "material fact" and do not address whether specific provisions of the Basic Provisions override general provisions or whether ambiguities in the Basic Provisions should be construed in favor of the insured. Therefore, the state law cited by the first requestor does not conflict with the above and thus governs construction of the Basic Provisions. In fact, the cited state law is consistent with federal law as set forth above in FAD-018.

Further, federal common law also provides that a plaintiff act in reliance on an alleged misrepresentation in order to establish a claim for fraud. *Alicke v. MCI Communications Corporation*, 111 F.3d 909, 912 (C.A.D.C. 1997).

Second requestor's interpretation:

The second requestor believes that section 27(a) of the Basic Provisions is clear and unambiguous regarding the effect of the intentional concealment or misrepresentation of any material fact by an insured. The second requestor interprets section 27(a) to require the insurance provider to void a policy if the insured knowingly and willfully conceals or misrepresents a material fact. Moreover, the voidance of the policy is mandated even if the insurance provider does not discover the misrepresentation or concealment until after the adjustment of a claim. Further, and with reference to 7 C.F.R. § 400.452, the second requestor considers an insured's misrepresentation as to the amount of production sold and concealment of entities to whom its production is sold to be "material" facts for purposes of section 27(a) of the Basic Provisions.

Moreover, in interpreting section 27, as well as any other provision of the Basic Provisions, the second requestor believes that state law, whether enacted by the legislature or articulated by the courts, is preempted to the extent it is inconsistent with or contrary to FCIC regulations or the insurance policy. See 7 C.F.R. § § 400.351 *et seq.*; 7 CFR §457.8 sec. 31.

The second requestor believes that section 14(h)(1) of the Basic Provisions is not relevant to the interpretation or applicability of section 27(a). Accordingly, the second requestor interprets section 27(a) to authorize the voiding of a policy regardless of whether the insurance provider may, through other means, obtain information that permits it to adjust the claim accurately. In short, the insurance provider's ability to overcome the policyholder's misrepresentation of a material fact does not excuse the misrepresentation.

**Final Agency Determination**

FCIC agrees with the second requestor's interpretation. The provisions in section 27 of the Basic Provisions regarding concealment, misrepresentation, or fraud specify the policy will be void and the insured may be subject to remedial sanctions in accordance with 7 C.F.R. part 400, subpart R if the insured, or anyone assisting the insured, has intentionally concealed or misrepresented any material fact relating to the policy.

Additionally, 7 C.F.R. §§ 400.351 *et seq*.; and section 31 of the Basic Provisions provide that the regulations contained in the subpart are issued pursuant to the Federal Crop Insurance Act (Act), as amended, to prescribe the procedures for federal preemption of State laws and regulations not consistent with the purpose, intent, or authority of the Act. Furthermore, these regulations are applicable to all policies of insurance, insured or reinsured by FCIC, contracts, agreements, or actions authorized by the Act and entered into by FCIC.

Even though 7 C.F.R. part 400, subpart X is only applicable to provisions of the Federal Crop Insurance Act and the regulations promulgated thereunder, and the CRC and RA policies have not yet been codified in the Code of Federal Regulations, to the extent those provisions are identical or nearly identical, this Final Agency Determination applies accordingly to assure consistent, uniform, and equitable treatment to all producers insured under the same policy provisions.

In accordance with 7 C.F.R. § 400.765 (c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

*Date of Issue*: October 17, 2013