You are: Home / Laws and Regulations / Final Agency Determination: FAD-208

## Popular Topics

- Appendix III/M-13
- Bulletins and Handbooks
- Crop Policies and Pilots
- Federal Crop Insurance Corp
- Field Offices:  ROs | COs
- Frequently Asked Questions
- Information Browser
- Laws and Regulations
- Livestock Policies
- Reinsurance Agreements
- Risk Management Education

## Final Agency Determination: FAD-208

**Subject**: Request dated February 10, 2014, to the Risk Management Agency (RMA) requesting a Final Agency Determination for the 2012 and three previous crop years regarding the interpretation of sections 2(b) and 20(b) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background**:

Section 2(b) of the 2005 Basic Provisions (05-br) states, in relevant part:

> 2. Life of Policy, Cancellation, and Termination.
>
> *****
>
> (b) Your application for insurance must contain your social security number (SSN) if you are an individual or employer identification number (EIN) if you are a person other than an individual, and all SSNs and EINs, as applicable, of all persons with a substantial beneficial interest in you, the coverage level, price election, crop, type, variety, or class, plan of insurance, and any other material information required on the application to insure the crop. If you or someone with a substantial beneficial interest is not legally required to have a SSN or EIN, you must request and receive an identification number for the purposes of this policy from us or the Internal Revenue Service (IRS) if such identification number is available from the IRS. If any of the information regarding persons with a substantial beneficial interest changes during the crop year, you must revise your application by the next sales closing date applicable under your policy to reflect the correct information.
>
>> (1) Applications that do not contain your SSN, EIN or identification number, or any of the other information required in section 2(b) are not acceptable and insurance will not be provided (Except if you fail to report the SSNs, EINs or identification numbers of persons with a substantial beneficial interest in you, the provisions in section 2(b)(2) will apply);
>>
>> (2) If the application does not contain the SSNs, EINs or identification numbers of all persons with a substantial beneficial interest in you, you fail to revise your application in accordance with section 2(b), or the reported SSNs, EINs or identification numbers are incorrect and the incorrect SSN, EIN or identification number has not been corrected by the acreage reporting date, and:
>>
>>> (i) Such persons are eligible for insurance, the amount of coverage for all crops included on this application will be reduced proportionately by the percentage interest in you of such persons, you must repay the amount of indemnity, prevented planting payment or replanting payment that is proportionate to the interest of the persons whose SSN, EIN or identification number was unreported or incorrect for such crops, and your premium will be reduced commensurately; or
>>>
>>> (ii) Such persons are not eligible for insurance, except as provided in section 2(b)(3), the policy is void and no indemnity, prevented planting payment or replanting payment will be owed for any crop included on this application, and you must repay any indemnity, prevented planting payment or replanting payment that may have been paid for such crops. If previously paid, the balance of any premium and any administrative fees will be returned to you, less twenty percent of the premium that would otherwise be due from you for such crops. If not previously paid, no premium or administrative fees will be due for such crops.
>
> *****

Section 2(b) of the 2012 Basic Provisions (11-br) states, in relevant part:

> 2. Life of Policy, Cancellation, and Termination.
>
> *****
>
> (b) With respect to your application for insurance:
>
>> (1) You must include your social security number (SSN) if you are an individual (if you are an individual applicant operating as a business, you may provide an employer identification number (EIN) but you must also provide your SSN); or
>>
>> (2) You must include your EIN if you are a person other than an individual;
>>
>> (3) In addition to the requirements of section 2(b)(1) or (2), you must include the following for all persons who have a substantial beneficial interest in you:
>>
>>> (i) The SSN for individuals; or

Exhibit 5

  (ii) The EIN for persons other than individuals and the SSNs for all individuals that comprise the person with the EIN if such individuals also have a substantial beneficial interest in you;

 *\*\*\*\*\**

(6) With respect to persons with a substantial beneficial interest in you:

 (i) The insurance coverage for all crops included on your application will be reduced proportionately by the percentage interest in you of persons with a substantial beneficial interest in you (presumed to be 50 percent for spouses of individuals) if the SSNs or EINs of such persons are included on your application, the SSNs or EINs are correct, and the persons with a substantial beneficial interest in you are ineligible for insurance;

 (ii) Your policies for all crops included on your application, and for all applicable crop years, will be void if the SSN or EIN of any person with a substantial beneficial interest in you is incorrect or is not included on your application and:

  (A) Such number is not corrected or provided by you, as applicable;

  (B) You cannot prove that any error or omission was inadvertent (Simply stating the error or omission was inadvertent is not sufficient to prove the error or omission was inadvertent); or

  (C) Even after the correct SSN or EIN is provided by you, it is determined that the incorrect or omitted SSN or EIN would have allowed you to obtain disproportionate benefits under the crop insurance program, the person with a substantial beneficial interest in you is determined to be ineligible for insurance, or you or the person with a substantial beneficial interest in you could avoid an obligation or requirement under any State or Federal law; or

 (iii) Except as provided in sections 2(b)(6)(ii)(B) and (C), your policies will not be voided if you subsequently provide the correct SSN or EIN for persons with a substantial beneficial interest in you and the persons are eligible for insurance;

(7) When any of your policies are void under sections 2(b)(5) or (6):

 (i) You must repay any indemnity, prevented planting payment or replant payment that may have been paid for all applicable crops and crop years;

 (ii) Even though the policies are void, you will still be required to pay an amount equal to 20 percent of the premium that you would otherwise be required to pay; and

 (iii) If you previously paid premium or administrative fees, any amount in excess of the amount required in section 2(b)(7)(ii) will be returned to you;

*\*\*\*\*\**

Section 20 of the 2012 Basic Provisions (11-br) states, in relevant part:

20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.

 (a) If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. Any mediator or arbitrator with a familial, financial or other business relationship to you or us, or our agent or loss adjuster, is disqualified from hearing the dispute.

*\*\*\*\*\**

 (b) Regardless of whether mediation is elected:

  (1) The initiation of arbitration proceedings must occur within one year of the date we denied your claim or rendered the determination with which you disagree, whichever is later;

  (2) If you fail to initiate arbitration in accordance with section 20(b)(1) and complete the process, you will not be able to resolve the dispute through judicial review;

  (3) If arbitration has been initiated in accordance with section 20(b)(1) and completed, and judicial review is sought, suit must be filed not later than one year after the date the arbitration decision was rendered; and

  (4) In any suit, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, an interpretation must be obtained from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC. Such interpretation will be binding.

*\*\*\*\*\**

**Interpretation Submitted**

The requestor provides section 20(a) of the Basic Provisions states when a policyholder and the Approved Insurance Provider (AIP) "fail to agree on any determination" made by the AIP, the disagreement may be resolved through mediation. If mediation is not used to resolve the disagreement, then the disagreement "must be resolved through arbitration."

The requestor states in FAD-188, RMA interpreted that when the conditions of section 2(b)(6)(ii) of the Basic Provisions are met, the policy is void. FAD-188 further determined that the determination of when the conditions of section 2(b)(6)(ii) are met is the AIP's determination. We seek clarification of FAD-188 as to whether a policyholder can arbitrate a dispute where the AIP fails to make a determination. We interpret this provision and FAD-188 to mean that when there is a question of whether the provisions of section 2(b)(6)(ii) have been met in a particular situation, the AIP is required to make a determination and that failure to make such a determination or void the policy is a de facto determination that the provisions have been met. We further interpret section 20(a) of the Basic Provisions to mean that if the policyholder disagrees with the AIP's determination that the conditions in section 2(b)(6)(ii) have been met, the policyholder has the right to pursue arbitration against the AIP. The policyholder has the right to arbitrate the factual dispute, if it invokes arbitration within one year of the time when the AIP, after receiving information indicating a policy should be void, fails to make a determination.

The requestor believes thus, if the AIP fails to make a decision on whether a policy is void when asked to do so, their lack of decision can be treated by the policyholder as a determination that the policy is not void when the policyholder can arbitrate under section 20(a) of the Basic Provisions.

**Final Agency Determination**

FAD-188 addresses whether a producer can compel an AIP to void the policy under section 2(b)(6)(ii) of the Basic Provisions. However, this request asks whether a failure of an AIP to render a determination, when asked by the producer, is a failure to agree for the purposes of section 20(a). AIPs have an obligation to administer the policy is accordance with its terms and conditions. If the producer disagrees with that administration, this creates a failure to agree and the issue is subject to arbitration under section 20(a) of the Basic Provisions. AIPs cannot simply fail to issue a determination, when asked to do so, to avoid the appeals process. The failure to act can constitute a determination upon which the AIP and producer disagree.

FCIC also agrees with the requestor the policyholder has the right to arbitrate a factual dispute, and the policyholder must invoke arbitration within one year of the time when the AIP, after receiving information indicating a policy should be void, fails to make a determination.

It is noted the requestor asked that the FAD provide that the decision is applicable to the 2012 and three previous crop years (2009 through 2012 crop years). 7 C.F.R. part 400, subpart X states requesters may seek interpretations of those provisions of the Act and the regulations promulgated thereunder that are in effect for the crop year in which the request is being made and the three previous crop years. To the extent the language in the provisions interpreted is identical to the language applicable for any other crop year; the same interpretation can be applied to such other crop year. It is the responsibility of the person seeking to use the published interpretation for a different crop year to ensure that the language of the provisions is identical. Even minor language changes can have an effect on the interpretation.

In accordance with 7 C.F.R. § 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

*Date of Issue*: March 6, 2014