![USDA Risk Management Agency - United States Department of Agriculture]

You are: Home / Laws and Regulations / Final Agency Determination: FAD-211

**Popular Topics**

- Appendix III/M-13
- Bulletins and Handbooks
- Crop Policies and Pilots
- Federal Crop Insurance Corp
- Field Offices: ROs | COs
- Frequently Asked Questions
- Information Browser
- Laws and Regulations
- Livestock Policies
- Reinsurance Agreements
- Risk Management Education

## Final Agency Determination: FAD-211

**Subject**: Two requests, dated January 3, 2014, to the Risk Management Agency (RMA) requesting a Final Agency Determination for the 2011 crop year regarding the interpretation of section 20(f) of the Common Crop Insurance Basic Provisions (Basic Provisions), published at 7 C.F.R. § 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background**:

The Preamble to the Basic Provisions states, in pertinent part:

This is an insurance policy issued by the Federal Crop Insurance Corporation (FCIC), a United States government agency. The provisions of the policy may not be waived or varied in any way by us, our insurance agent or any other contractor or employee of ours or any employee of USDA unless the policy specifically authorizes a waiver or modification by written agreement…

\*\*\*\*\*

Section 20 of the Basic Provisions states, in pertinent part:

20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review

> (a) If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. Any mediator or arbitrator with a familial, financial or other business relationship to you or us, or our agent or loss adjuster, is disqualified from hearing the dispute.
>
>> (1) All disputes involving determinations made by us, except those specified in section 20(d) or (e), are subject to mediation or arbitration. However, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC.
>>
>> (i) Any interpretation by FCIC will be binding in any mediation or arbitration.
>>
>> (ii) Failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award.
>>
>> (iii) An interpretation by FCIC of a policy provision is considered a determination that is a matter of general applicability.
>>
>> (iv) An interpretation by FCIC of a procedure may be appealed to the National Appeals Division in accordance with 7 CFR part 11.
>
> \*\*\*\*\*
>
> (f) In any mediation, arbitration, appeal, administrative review, reconsideration or judicial process, the terms of this policy, the Act, and the regulations published at 7 CFR chapter IV, including the provisions of 7 CFR part 400, subpart P, are binding. Conflicts between this policy and any state or local laws will be resolved in accordance with section 31. If there are conflicts between any rules of the AAA and the provisions of your policy, the provisions of your policy will control.
>
> \*\*\*\*\*
>
> (h) Except as provided in section 20(i), no award or settlement in mediation, arbitration, appeal, administrative review or reconsideration process or judicial review can exceed the amount of liability established or which should have been established under the policy, except for interest awarded in accordance with section 26.
>
> \*\*\*\*\*

**Interpretation Submitted**

Two interpretations were submitted in this joint FAD request.

First requestor's interpretation:

The first requestor states the preamble of the Basic Provisions provides that no person may waive the terms of the policy. The requestor interprets that provision to mean that an arbitrator has no authority to order an approved insurance provider (AIP) to pay an indemnity that is not justified by the terms of the policy, regardless of any statements made to the policyholder by the employees or agents of the AIP. Because the policy terms are non-waivable, an arbitrator may not award an indemnity or damages under a theory of equitable estoppel, since doing so would amount to a waiver of the policy terms.

The requestor believes the term "equitable estoppel" refers to a common law rule that if one person has induced another to take a certain course of action in reliance up on the representations or promises of the

former, the former person will not be permitted to subsequently deny the truth of the representations, or revoke such promises, upon which such action has been taken. The requester interprets the non-waiver provision in the preamble of the Basic Provisions to defeat any claim for an indemnity or other damages under a Federal crop insurance policy based on a theory of equitable estoppel.

The requestor further interprets the non-waiver provision to equally apply to arbitrators. Section 20(f) of the Basic Provisions provides that the Act, crop insurance regulations, and the policy terms are binding in any arbitration and supersede any conflicting state laws (including state common-law based theories of recovery such as equitable estoppel). Also, section 20(h) of the Basic Provisions limits any award in arbitration to the liability established or which should have been established under the policy, and any interest. Similarly, if an arbitrator were to apply equitable estoppel to override or render inapplicable certain policy provisions that FCIC had not previously interpreted in a way that supported such a conclusion, his award would automatically be nullified by section 20(a)(1)(ii), since section 20(a)(1) of the Basic Provisions prohibits an arbitrator from deciding, "whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure." The non-waiver provision and the limitations on arbitral authority in section 20 of the Basic Provisions therefore prohibit an arbitrator from issuing an award based on a theory of equitable estoppel, because such an award would waive or otherwise interpret the policy terms, which is not within the authority of the arbitrator.

<u>Second requestor's interpretation:</u>

The second requestor interprets section 20(f) of the Basic Provisions to mean that any state laws that would apply to other insurance contracts normally issued by an AIP are preempted by the provisions if they are contrary to (i.e. conflicting) with said provisions. In other words, said provisions do not completely preempt state law causes of action against an AIP (as opposed to FCIC, RMA, or USDA) brought in court on the basis of traditional state law contract and tort theories (including theories of recovery such as a breach of contract, misrepresentation and estoppel). AIPs are private insurance companies regulated by state departments of insurance, and AIP's, agents and adjusters are licensed by state departments of insurance. The enactment of the Federal Crop Insurance Act, federal regulations, and policy provisions were not intended to extinguish state law claims arising from the contractual or tortuous conduct of AIPs selling federally reinsured crop insurance policies. As such, a policyholder is able to pursue state law claims in court against an AIP after the mandatory arbitration proceedings have been completed.

**Final Agency Determination**

FCIC agrees with the first requestor's interpretation. The policy is codified in the Code of Federal Regulations and has the force of law. Therefore, no one has the authority to waive or modify the provisions except as authorized in the regulations themselves. In accordance with section 506(l) of the Federal Crop Insurance Act (Act) (7 U.S.C. §1506(l)) state and locals laws are preempted to the extent that they are in conflict with the Act, regulations or contracts of FCIC. A vast majority of the policy provisions, including the preamble to the policy, are codified in regulation so they preempt state and local laws.

In accordance with 7 C.F.R. § 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

*Date of Issue*: March 24, 2014