# Final Agency Determination: FAD-251

**Subject:** Request dated October 5, 2015, to the Risk Management Agency (RMA) requesting a Final Agency Determination for the 2012 and three previous crop years (2009 through 2012 crop years) regarding the interpretation of 7 C.F.R. § 400.352(a) and (b)(4), as it applies to all legal claims directly or indirectly related to coverage, lack of coverage, and advice regarding extent of coverage available under a federal crop insurance policy. This request is pursuant to 7 C.F.R. part 400, subpart X.

**Background:**

Referenced policy and procedure in request:

Section 400.352(a) and (b)(4) states, in relevant part:

§ 400.352 State and local laws and regulations preempted.

(a) No State or local governmental body or non-governmental body shall have the authority to promulgate rules or regulations, pass laws, or issue policies or decisions that directly or indirectly affect or govern agreements, contracts, or actions authorized by this part unless such authority is specifically authorized by this part or by the Corporation.

(b) The following is a non-inclusive list of examples of actions that State or local governmental entities or non-governmental entities are specifically prohibited from taking against the Corporation or any party that is acting pursuant to this part. Such entities may not:

*****

(4) Levy fines, judgments, punitive damages, compensatory damages, or judgments for attorney fees or other costs against companies, employees of companies including agents and loss adjustors, or federal employees arising out of actions or inactions on the part of such individuals and entities authorized or required under the Federal Crop Insurance Act, the regulations, any contract or agreement authorized by the Federal Crop Insurance Act or by regulations, or procedures issued by the Corporation (Nothing herein precludes such damages being imposed against the company if a determination is obtained from FCIC that the company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled);

*****

**Interpretation Submitted**

The requester interprets 7 CFR §400.352 to govern all forms of legal claims or lawsuits against approved insurance providers (AIPs) that are directly or indirectly related to coverage, to lack of coverage, or to representations or alleged misrepresentations that the AIP made about obtaining coverage, insurability, and the extent of coverage available under a federal crop insurance policy.

In the course of selling and administering policies, AIPs and their agents, employees, and adjusters must communicate with producers, including both current policyholders and prospective ones. Through their employees and agents, AIPs must provide information to those producers and respond to questions about a variety of topics that are directly and indirectly related to policies authorized under the Federal Crop Insurance Act (Act), including (without limitation): how to apply for or obtain a policy for a particular crop, the terms of coverage, insurability of crops and acreage, the extent of coverage, written agreements, premiums, yield reporting, production histories, acreage reporting, prevented planting, loss notice and claim procedures, form submission requirements, and other things too numerous to mention. Those communications and representations from the AIP to the producer are actions by the AIP that are necessary to the sale of policies to producers and to the administration of policies and claims, and they are within the activities that §400.352(b)(4) describes as being *"authorized or required under the Federal Crop Insurance Act, the regulations, any contract or agreement authorized by the Federal Crop Insurance Act or by regulations, or procedures issued by the Corporation authorized or required under the Federal Crop Insurance Act, the regulations, any contract or agreement authorized by the Federal Crop Insurance Act or by regulations, or procedures issued by the Corporation."*

The requirements within §400.352 govern even where the communications or representations described above are inaccurate or false, including where the producer alleges there were negligent or intentional AIP misrepresentations upon which the producer relied to his detriment. In such circumstances, FCIC holds the exclusive authority to permit the aggrieved producer to seek damages against the AIP. But the only circumstance in which a State or local government authority, including any court, may award damages to a producer from an AIP in relation to such claims is where FCIC has issued a determination that the AIP or the AIP's employee, agent, or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the producer receiving a payment in an amount that is less than the amount to which the producer was entitled. Without such a determination, §400.352 forbids damages against an AIP for such claims and preempts state law to the contrary.

The requester notes that recent case law from the Tennessee Court of Appeals (*Plants, Inc. v. Fireman's Fund Ins. Co.*, 2012 Tenn. App. LEXIS 561 (Tenn. Ct. App. Aug. 13, 2012), as well as another civil action between the same two parties, *Plants, Inc. v. Fireman's Fund Ins. Co.*, 2012 Tenn. App. LEXIS 562 (Tenn. Ct. App. Aug. 13, 2012)) found that 7 CFR §400.352(b)(4) did not apply when a policyholder seeks extra-contractual damages for alleged negligence or misrepresentations regarding the policy or the applicability of a policy to a crop. The requester believes that the court's interpretation of 7 CFR §400.352(b)(4) in the *Plants* cases is wrong, and that the requester's interpretation above is the correct one. FCIC recently agreed in FAD-240 that the *Plants* decisions were incorrect because they were counter to 7 CFR §400.176 and the policy terms. Those *Plants* decisions are also incorrect because they are counter to §400.352.

In summary, all claims against an AIP by a producer in which the producer alleges that an AIP was negligent in providing advice or information about coverage for a producer's crop, or in which the producer alleges that the AIP negligently, intentionally, or fraudulently misrepresented facts regarding what a policy covers or what was necessary to obtain coverage for a crop, are claims that fall within the scope of §400.352. State and local governmental bodies, including courts, may not award damages for such claims unless FCIC has issued a determination granting permission. The *Plants* decisions are wrongly decided in that regard.

**Exhibit 7**

**Final Agency Determination**

FCIC agrees with the requestor's interpretation to the extent that any claim, including a claim for extra-contractual damages, that arises under or is related to a Federal crop insurance policy issued pursuant to the Federal Crop Insurance Act (Act) may only be awarded if a determination is obtained from FCIC in accordance with section 20(i) of the Common Crop Insurance Policy Basic Provisions and §400.352.

As previously provided in FAD-240, FCIC also agrees that 7 C.F.R. § 400.352 pre-empts any State law that would allow a claim for extra-contractual damages that conflicts with the provision in section 400.352 that any extra-contractual damages can only be awarded if FCIC makes a determination that the AIP, agent, or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC. To the extent that State courts award extra-contractual damages without first obtaining a determination from FCIC, such awards are not in accordance with 7 C.F.R. § 400.352 and FCIC regulations.

The requestor asked that the FAD provide a decision that is applicable to the 2012 and three previous crop years (2009 through 2012 crop years). 7 C.F.R. part 400, subpart X states requesters may seek interpretations of those provisions of the Act and the regulations promulgated thereunder that are in effect for the crop year in which the request is being made and the three previous crop years. Therefore, this FAD interprets provisions in effect for the 2012 through 2015 crop years. To the extent the language in the provisions interpreted is identical to the language applicable for any other crop year; the same interpretation can be applied to such other crop year. It is the responsibility of the person seeking to use the published interpretation for a different crop year to ensure that the language of the provisions is identical. Even minor language changes can have an effect on the interpretation.

In accordance with 7 C.F.R. § 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

**Date of Issue**: December 17, 2015