# Final Agency Determination: FAD-270

**Subject:** Request dated September 19, 2016, to the Risk Management Agency (RMA) requesting a Final Agency Determination for the 2016 crop year regarding the interpretation of section 14(f)(3) (Our Duties) of the Common Crop Insurance Basic Provisions (Basic Provisions), published at 7 C.F.R. 457.8. This request is pursuant to 7 C.F.R. part 400, subpart X.

**Background:**

Referenced policy related to the request:

Common Crop Insurance Basic Provisions

Section 14 of the Basic Provisions states, in relevant part:

> **14. Duties in the Event of Damage, Loss, Abandonment, Destruction, or Alternative Use of Crop or Acreage.**
>
> Our Duties:
>
> (f) If you have complied with all the policy provisions, we will pay your loss within 30 days after the later of:
>
>> (3) Completion of any investigation by USDA, if applicable, of your current or any past claim for indemnity if no evidence of wrongdoing has been found (If any evidence of wrongdoing has been discovered, the amount of any indemnity, prevented planting or replant overpayment as a result of such wrongdoing may be offset from any indemnity or prevented planting payment owed to you); or
>>
>> *****
>
> (g) In the event we are unable to pay your loss within 30 days, we will give you notice of our intentions within the 30-day period.

*****

FAD-78, dated August 20, 2007, requested a Final Agency Determination for the 2006 Crop Year regarding the interpretation of section 14(a)(3). FAD-78 states, in relevant part:

> The delay in paying any claim applies only to investigations of current or past claims where there is suspected wrongdoing on the part of the policyholder. Likewise, if the RMA Compliance Office provides written notification to the reinsured company not to initiate payment pending an investigation, the reinsured company is prohibited from making such payment. However, if a RMA Compliance Office conducts routine policyholder reviews or makes inquiries of agent, loss adjuster or reinsured company error, the policy does not require the reinsured company to withhold the producer's current year's replanting, prevented planting payment, or claim for indemnity from the policyholder. If a past payment was made as a result of an agent, loss adjuster, or reinsured company error, it is the reinsured company's responsibility to repay the amount to RMA, not the policyholder.
>
> With respect to the example, a 2006 claim for indemnity cannot be paid if there is an investigation by OIG of alleged wrongdoing by the policyholder in connection with the 2004 claim for indemnity until the investigation is completed.

*****

FAD-190, dated August 13, 2013, requested a Final Agency Determination for the 2011 crop year regarding the interpretation of section 14(f) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions). FAD-190 states, in relative part:

> FCIC agrees with the requestor's interpretation that section 14(f) does not prohibit an insured from exercising the insured's right to arbitration, or reconsideration of determinations including while an investigation by USDA is ongoing. In order for there to be an arbitration or request for reconsideration there must be a decision or determination in which the insured disagrees. The fact that a claim is under investigation does not in and of itself constitute a decision or determination that is subject to arbitration or reconsideration. However, if there has been a decision or determination unrelated to the investigation, the insured is entitled to seek arbitration or reconsideration of the determination within the timeframes specified in the policy. FCIC agrees with the requestor that if the arbitration or reconsideration process determines that an indemnity is due, no indemnity will be paid until 30 days after the completion of the investigation. Further, if the investigation concludes that an indemnity was erroneously paid, the overpayment will be deducted from any amount of indemnity determined owed in the arbitration or reconsideration process.

**Interpretation Submitted**

The requestor seeks interpretation of whether section 14(a)(3) (Our Duties) allows RMA to withhold an approved insurance provider (AIP) approved indemnity to a policyholder whose policy is under investigation without specifying the nature of the suspected wrongdoing Further, the requestor seeks interpretation as to whether an initial investigation started in a prior crop year that results in no criminal, civil, or administrative penalties to the policyholder can become a part of another investigation encompassing the current crop year without an underlying, substantive link.

The requestor interprets that section 14(a)(3) (Our Duties) suggests that for any investigation to be allowed to withhold an otherwise approved indemnity to a policyholder, such investigation must state with specificity the nature of the suspected wrongdoing on the part of the policyholder that is the subject of the investigation, otherwise such investigation is considered "compliance routine" and does not require the AIP to withhold payment.

The requestor suggests that without just cause, an initial investigation started in 2013 for review of 2010-2012 crop years that results in no criminal, civil, or administrative penalties to the policyholder cannot become a part of another investigation encompassing the current crop year without an underlying, substantive link.

**Final Agency Determination**

Exhibit 8

FCIC disagrees with the requestor's interpretation. Section 14(f)(3) (Our Duties) (Note: The relevant provision of this FAD request was formerly contained in Section 14(a)(3) (Our Duties) prior to the 2011 Basic Provisions 11-BR) requires withholding payment pending an investigation of a current or any past claim for indemnity when there is evidence of wrongdoing on the part of the policyholder. FAD-78 further explains that delay in paying any claim applies if the USDA Office of Inspector General (OIG) investigates a policyholder's current or past claim because of such suspected wrongdoing, the AIP is prohibited from paying a current year's replanting, prevented planting payment, or claim for indemnity until the investigation is complete. The FAD goes on further to state that likewise, if the RMA Compliance Office provides written notification to the AIP not to initiate payment pending an investigation, the AIP is prohibited from making payment. Therefore, if either of these criteria are met, the AIP is prohibited from making payment.

There is nothing within the policy or subsequent FADs that states the specificity of the nature of the suspected wrongdoing must be provided to withhold payment. In fact, in most investigations of wrongdoing, FCIC does not discuss the nature of the specific wrongdoing in order to protect the integrity of the investigation. Further, there are instances where the agent or loss adjuster may be complicit in the wrongdoing.

The fact that FCIC does not disclose the alleged wrongdoing under investigation does not mean that it is considered a routine compliance matter. As long as wrongdoing is suspected, any indemnity must be withheld until FCIC can determine whether there is evidence to support a finding of wrongdoing and takes administrative action, refers the matter to OIG for further investigation, or concludes that no wrongdoing has occurred. The policy is clear that until the investigation is complete, no indemnity or other payment can be made.

Unfortunately, the investigative process can take time to complete and in the interim, other crop years may pass. If the original investigation has not concluded when another claim is made, there is nothing in the policy that would preclude FCIC from investigating the current claim to ensure that the suspected wrongdoing is not continuing to occur. Once all investigations are concluded, an indemnity or other payment can be made if no evidence of wrongdoing has been found.

In accordance with 7 C.F.R.§ 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

**Date of Issue:** December 15, 2016