UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NEW HEIGHTS FARM I, LLC, a Michigan limited liability company; STACY BOERSEN; NEW HEIGHTS FARM II, LLC, a Michigan limited liability company; and NICHOLAS BOERSEN,<br><br>    Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY; FEDERAL CROP INSURANCE CORPORATION; and UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendants.<br>_____/ | Case No. 1:23-cv-663<br><br>Hon. Hala Y. Jarbou<br>Chief U.S. District Court Judge<br><br>Hon. Phillip J. Green<br>U.S. Magistrate Judge |

**MEMORANDUM IN SUPPORT OF DEFENDANTS
U.S. DEPARTMENT OF AGRICULTURE AND FEDERAL
CROP INSURANCE CORPORATION'S MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs allege a variety of claims against Great American Insurance Company, the Federal Crop Insurance Corporation (FCIC), and the United States Department of Agriculture (USDA) related to the adjustment of their crop insurance indemnity claims for the 2019 crop year. The claims against FCIC and USDA (collectively, at times, the Federal Defendants) fail for numerous reasons and should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, or Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

First, any tort claims alleged by Plaintiffs should be dismissed under Rule 12(b)(1) because Plaintiffs did not name a proper defendant under the Federal Tort Claims Act (FTCA) and did not exhaust their administrative remedies. In addition, the FTCA's waiver of sovereign immunity does not extend to alleged breaches of federal statutory duties or to Plaintiffs' other tort claims. Consequently, Counts III-VII must be dismissed. Second, Plaintiffs' breach of contract claims should be dismissed under Rule 12(b)(1) because Plaintiffs have failed to state a basis on which this Court has jurisdiction over these claims. The FTCA does not waive sovereign immunity for contract claims and the Federal Crop Insurance Act's waiver of sovereign immunity is limited—it applies only if FCIC denies a claim, or the claim is denied on its behalf—neither of which occurred here. These claims also fail under 12(b)(6) because there is no privity of contract between Plaintiffs and the Federal Defendants. As such, Counts I and II must also be dismissed. Third, Plaintiffs have failed to identify any basis for this Court's jurisdiction over the Federal Defendants with respect to Count III, their statutory claim, or Count IX, their due process claim. Therefore, Count III and Count IX should be dismissed under Rule 12(b)(1).

**BACKGROUND**

The Federal Crop Insurance Act (FCIA) was enacted "to promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance and providing the means for the research and experience helpful in devising and establishing such insurance." *FCIC v. Merrill*, 332 U.S. 380, 383 n.1 (1947); 7 U.S.C. § 1502(a).  FCIC is a federal government-owned corporation within the USDA that was created to "carry out the purposes" of the FCIA.  (2d Am. Compl., ECF No. 26, PageID.2285-2287, ¶¶ 6, 17; 7 U.S.C. § 1503; 31 U.S.C. § 9101(3).)  The Risk Management Agency (RMA) is charged with supervision of FCIC and with regulation and oversight of the FCIA.  (2d Am. Compl., ECF No. 26, PageID.2287, ¶ 22; 7 U.S.C. § 6933.)

Pursuant to the FCIA, FCIC is authorized to act as a reinsurer to Approved Insurance Providers (AIPs).  (2d Am. Compl., ECF No. 26, PageID.2287, ¶¶ 19-21; 7 U.S.C. § 1508.)  An AIP is "a private insurance provider that has been approved by the [FCIC] to provide insurance coverage to producers participating in the Federal crop insurance program . . . ."  (2d Am. Compl., ECF No. 26, PageID.2287, ¶ 17; 7 U.S.C. § 1502(b)(2).)  "In order to qualify for reinsurance through the FCIC, the policies written by [AIPs] must comply with the FCIA and its accompanying regulations."  *Davis v. Producers Agric. Ins. Co.*, 762 F.3d 1276, 1284 (11th Cir. 2014). "Consequently, the FCIA generally establishes the terms and conditions of insurance, . . . even though the crop insurance policy is between the farmer and an [AIP]."  *Id*. (internal quotation omitted).  The policies issued pursuant to the FCIA include the Common Crop Insurance Policy (CCIP) Basic Provisions, which are common to all crops and are codified in the Code of Federal Regulations at 7 C.F.R. § 457.8.

Plaintiffs New Heights Farm I, LLC (NHF-I) and New Heights Farm II, LLC (NHF-II) each had CCIPs issued by Great American Insurance Corporation (Great American) for the 2019

2

crop year.  (2d Am. Compl., ECF No. 26, PageID.2287, 2291, ¶¶ 24-26, 54-56.)  Great American is an AIP and is separately reinsured by FCIC.  (*Id*. at PageID.2287, ¶¶ 18, 21.)  In 2019, NHF-I and NHF-II submitted notices of potential claims to Great American due to planting and harvesting conditions.  (*Id*. at PageID.2288, 2292, ¶¶ 31-32, 61-62.)  During Great American's adjustment of these claims, FCIC opened a fraud investigation into NHF-I and NHF-II related to their CCIP and claims.  (*Id*. at PageID.2290, 2293, ¶¶ 47, 76; ECF No. 26-7, PageID.2572-2575; ECF No. 26-18, PageID.3027-3030.)  In August 2020, Great American notified NHF-I and NHF-II that it was deferring further adjustment of their 2019 loss claims until RMA completed its fraud investigation.  (*Id*.)  Great American explained that this deferral was required both by Section 14(h) of their CCIP terms and by FCIC's interpretive directive—FAD-270.  (*Id*.)  To date, Great American has not adjusted NHF-I and NHF-II's 2019 loss claims.  (2d Am. Compl., ECF No. 26, PageID.2290, 2294, ¶¶ 50, 79.)

On June 26, 2023, Plaintiffs filed this lawsuit against Great American, FCIC, and USDA.  (*See* Compl., ECF No. 1, PageID.1.)  Plaintiffs have amended their complaint twice.  (1st Am. Compl., ECF No. 9, PageID.765-1512; 2d Am. Compl., ECF No. 26, PageID.2284-3030.)  The Second Amended Complaint (hereafter, the Complaint) alleges the following counts:

      I.      Breach of Contract with NHF-I
      II.     Breach of Contract with NHF-II
      III.    Failure to Promptly Adjust, Determine and Pay Claims in Violation of 7 U.S.C. § 1508 and MCL § 500.2006(1)
      IV.    Intentional Infliction of Emotional Distress to Stacy Boersen and Nicholas Boersen
      V.     Bad Faith Adjustment of NHF-I and NHF-II's Insurance Claims
      VI.    Intentional Interference with Contractual Relationships
      VII.   Intentional Interference with Business Relationships or Expectancies
      IX.[1]   Constitutional Due Process Violations

(*Id*. at PageID.2294-2306.)

---

[1] There is no Count VIII in the Second Amended Complaint.  (*See* 2d Am. Compl., ECF No. 26, PageID.2304-2306.)

**LEGAL STANDARD**

A federal court must dismiss a case under Rule 12(b)(1) if it lacks subject-matter jurisdiction to adjudicate a party's claim. Fed. R. Civ. P. 12(b)(1); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). It must presume that a cause lies outside of its jurisdiction, and the party opposing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Mattfolk v. United States*, No. 1:14-CV-693, 2014 WL 5094240, at *1 (W.D. Mich. Oct. 10, 2014). A challenge to subject-matter jurisdiction under Rule 12(b)(1) may be a facial attack, which challenges the sufficiency of the plaintiff's factual allegations, or a factual attack, which challenges the fact of subject-matter jurisdiction. *See Kokkonen*, 511 U.S. at 377; *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In considering a factual attack on subject-matter jurisdiction, a court is free to weigh the evidence relating to jurisdiction and may consider affidavits and other evidence outside the pleadings. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir. 1986).

Under Rule 12(b)(6), a court should dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a valid claim, a complaint must contain "allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A court should dismiss a claim under Rule 12(b)(6) when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible only where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. While the court

4

should accept the complaint's factual allegations as true in connection with a Rule 12(b)(6) motion, the court need not accept legal conclusions, including those that are couched as factual allegations. *Id*.

Under Rule 56, summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] The moving party has the initial burden of identifying the portion of the record that demonstrates there are no genuine issues of material fact as to an essential element of the claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003). To withstand summary judgment, the non-moving party then must produce specific facts that demonstrate a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is "material" if its resolution is determinative of an essential element of the non-moving party's case. *Id*. at 248. A court views the evidence in the light most favorable to the non-moving party. *Sutherland*, 344 F.3d at 613. But the non-moving party "may not rest upon its mere allegations." *Id*. (internal quotation omitted). "The existence of a mere scintilla of evidence in support of the non-moving party's position" is not sufficient to withstand summary judgment. *Id*. The non-moving party must present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Id*. (Quotation omitted.) There must be evidence upon which the fact finder could reasonably find for the non-moving party. *Id*.

---

[2] Rule 56 is only relevant to the extent the Court determines that summary judgment is the appropriate procedure through which to address the Federal Defendants' argument that Plaintiffs failed to present administrative tort claims, discussed further in footnote 3 below.

# ARGUMENT

**I.  The Court should dismiss Plaintiffs' tort claims under Rule 12(b)(1) for lack of subject-matter jurisdiction.**

Plaintiffs' tort claims are barred by sovereign immunity.  "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  The Sixth Circuit has reaffirmed this strict and narrow view of sovereign immunity: "[t]he United States can be sued only when it has expressly given its consent to be sued . . .  The waiver must be express, clear and unequivocal.  Further, the language of any waiver of sovereign immunity is strictly construed in favor of the United States." *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998) (internal quotation and citations omitted).  If the United States has not waived its sovereign immunity over a claim, then the court lacks jurisdiction to hear it.  *See, e.g.*, *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999); *see also Mitchell*, 445 U.S. at 538.

An action against the United States under the FTCA is the exclusive remedy for alleged torts of federal employees acting within the scope of their employment.  But Plaintiffs have failed to name a proper federal defendant for an FTCA claim and did not present administrative tort claims to the USDA.  In addition, the FTCA does not waive sovereign immunity for breaches of federal statutory duties.  Finally, many of Plaintiffs' claims are based on intentional conduct, which is specifically exempted from the FTCA's limited waiver of sovereign immunity.

**A.  Plaintiffs failed to name a proper defendant.**

The FTCA provides a limited waiver of sovereign immunity for certain tortious acts committed by federal employees while acting in the scope of their employment.  *See* 28 U.S.C. §§ 1346(b), 2680(h).  But this limited waiver is only for suits directly against the United States—it

6

does not extend to federal agencies themselves. 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."). *See also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). As such, tort claims brought under the FTCA must be initiated against the United States itself, not against a federal agency. *Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998) (dismissing for lack of jurisdiction and noting that where an FTCA action named United States Post Office and individual postal workers as defendants, the United States was the only proper defendant.) "An FTCA claim naming only an agency and individual employees fails to bestow jurisdiction." *Adu-Beniako v. Reimann*, No. 21-2978, 2022 WL 4538372, at *3 (6th Cir. July 12, 2022)). Because the Complaint names the FCIC and USDA as Defendants, rather than the United States, the Court lacks subject-matter jurisdiction over Plaintiffs' FTCA claims and should dismiss them. *Good*, 149 F.3d at 418, 424.

**B.      Plaintiffs failed to exhaust administrative remedies for tort claims.**

Even if the Complaint had named the United States as the defendant for its tort claims, it fails to establish that Plaintiffs exhausted administrative remedies for these claims. They did not, so their tort claims should be dismissed as to the Federal Defendants under Rule 12(b)(1) or Rule 56(a).

Before a plaintiff may file a suit for money damages against the United States for alleged tortious acts of a federal employee, the claimant must first present "the claim to the appropriate Federal agency." 28 U.S.C. §§ 2401(b), 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). This requirement helps ease the administrative burdens on the judicial system and the Department of Justice, and it helps to control litigation costs by giving the

7

agency an opportunity to investigate and resolve claims before litigation ensues. *McNeil,* 508 U.S. at 112; *Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021).

To meet the FTCA's presentment requirement, plaintiffs must give the appropriate agency written notice of the claims sufficient to investigate the allegations and must place a value or "sum certain" on the claim. *See Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003). A claim is presented once the federal agency receives it. 28 C.F.R. § 14.2(a). The plaintiff must then await either the agency's denial of the claim in writing or the passage of six months before initiating an action in district court. 28 U.S.C. § 2675(a). Once an administrative claim is denied, the plaintiff can file suit in federal court or ask the agency to reconsider. 28 C.F.R. § 14.9. If the plaintiff chooses to file suit, then he or she must do so within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b).

Plaintiffs cannot file suit in federal court before presenting the claim to the agency and receiving a final denial; the FTCA's broad language provides that a civil action on a tort claim cannot be instituted without first completing these administrative requirements. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .").[3]

---

[3] The Sixth Circuit interpreted this statutory language as a jurisdictional bar prior to *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996); *Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012). While an unpublished Sixth Circuit panel decision recently opined that the presentment requirement is not jurisdictional, *Kellom v. Quinn*, Case Nos. 20-1003/1222, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021), there is no published Sixth Circuit authority holding that the presentment requirement is not jurisdictional. *See United States v. Flores*, 477 F.3d 431, 433-34 (6th Cir. 2007) (An unpublished decision by a panel of the Sixth Circuit is not binding precedent.) And other courts have continued to treat it as a jurisdictional bar after *Wong*. *See, e.g.*, *Gabriel v. United States*, 683 F. App'x 671, 672-73 (10th Cir. 2017) (holding that "*Wong* does not affect our precedents addressing the jurisdictional nature of the statutory exhaustion requirement," as "*Wong* did not address the

8

Here, the Complaint does not allege that Plaintiffs presented administrative claims to the United States or USDA. And USDA has conducted a search of its claims database and has not located any such administrative claims. (Ex. 1, Stance Decl. ¶¶ 6-7.) Plaintiffs' claims therefore must be dismissed.

### C. Plaintiffs' tort claims fail for additional reasons under Rules 12(b)(1).

Beyond these overarching jurisdictional defects, Plaintiffs' individual tort claims have their own fatal flaws that require dismissal under Rule 12(b)(1).

#### 1. The FTCA does not waive sovereign immunity for breaches of statutory duties.

In Count III, Plaintiffs allege that the Federal Defendants breached their statutory duty to adjust, determine, and pay claims in violation of § 1508 of the FCIA. To the extent that Plaintiffs are attempting to bring this claim under the FTCA, it is barred by sovereign immunity. This is because this FCIA provision does not create an actionable duty to Plaintiffs under state tort law. The FTCA only makes the United States liable under state tort law "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674; the United States is only liable for tort damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA does not provide a vehicle to redress alleged breaches of federal statutory, regulatory, or constitutional duties; such alleged violations do not satisfy the FTCA's "law of the place" requirement. *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010)

---

exhaustion requirement"). *But see Jackson v. Donahoe*, No. 1:15-cv-3, 2015 WL 1962939, at *1 (W.D. Mich. May 1, 2015) (concluding under *Wong* that Section 2675(a) did not implicate jurisdiction and that a summary judgment motion was the appropriate procedure to address administrative exhaustion under the FTCA). The United States intends to preserve its argument regarding the jurisdictional nature of the administrative exhaustion requirement, and therefore moves under Rule 12(b)(1) and alternatively under Rule 56(a).

(FTCA does not "provide[] a means of enforcing federal statutory duties.") (internal quotation omitted); *Valdez v. United States*, 58 F. Supp. 3d 795, 827 (W.D. Mich. 2014) (holding that the FTCA was not "intended as a means to enforce federal statutory duties" and instead, the "chief intent . . . was simply to provide redress for ordinary torts recognized by state law.") (internal quotation omitted). Thus, the Court lacks jurisdiction over any tort claims against the Federal Defendants premised on alleged FCIA duties.

Count III is also based on an alleged duty imposed by Mich. Comp. Laws § 500.2006(1), which addresses the timely payment of insurance benefits by an insurer to its insured. It is unclear from the Complaint whether this allegation is directed towards the Federal Defendants (only Great American is referenced), but to the extent it is, it should be dismissed. There is no legal basis for Plaintiffs to bring a claim seeking damages against the Federal Defendants based on alleged failures to act under state statutes. These claims are barred by sovereign immunity to the extent they are premised on state statutory duties. The United States acts under federal law, not state law, and accordingly, it may not be sued under state statutes like these unless it waives its sovereign immunity. *See Ana Leon T. v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987) (stating that actions taken by federal agency—the Federal Reserve Bank—are governed by federal statutes); *Strickland ex rel. Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997) (stating that "federal officials typically act under color of *federal* law"). Plaintiffs do not cite a single federal statute that contains a waiver of the United States' sovereign immunity in relation to alleged violations of this state law.

> **2. The FTCA excludes Plaintiffs' tort claims from the waiver of sovereign immunity.**

The FTCA's sovereign immunity waiver excludes certain types of claims against the United States, including those Plaintiffs allege in Counts IV-VII. Counts VI and VII allege

10

intentional interference with contractual relationships and intentional interference with business relationships, respectively.  These claims, however, are expressly excluded from the FTCA's waiver of sovereign immunity and must be dismissed under Rule 12(b)(1).  The FTCA specifically carves out of its waiver any claim "arising out of" a list of torts that includes "libel, slander, misrepresentation, deceit, or [tortious] interference with contract rights," among others.  28 U.S.C. § 2680(h); *United States v. Shearer*, 473 U.S. 52, 55 (1985).  And, "[m]ultiple courts have found that claims for tortious interference with business relationships and expectancies fall within section 2680(h)."  *Woda Cooper Cos., Inc. v. United States*, No. 1:20-cv-928, 2021 WL 5762525, at *2 (W.D. Mich. Jan. 26, 2021) (collecting cases).  Plaintiffs' Counts IV-V are also barred by § 2680(h).  In Count IV, Plaintiffs allege intentional infliction of emotional distress (IIED) based on alleged false statements and misinformation related to the fraud investigation, and delay in claims adjustment.  (2d Am. Compl., ECF No. 26, PageID.2299-2301, ¶¶ 116-126.)  In Count V, Plaintiffs allege bad faith adjustment of insurance claim based on delay in claims adjustment.  (*Id*. at PageID.2302-2303, ¶¶ 130-136.)  Both claims "aris[e] out of" conduct—libel, slander, misrepresentation, and tortious interference with contract rights—that is explicitly barred by § 2680(h) and therefore must be dismissed.  *See Dickson v. Wojcik*, 22 F. Supp. 3d 830, 837 (W.D. Mich. 2014) (dismissing IIED claim, among others, that arose out of alleged false statements—an excepted cause of action under § 2680(h)) (citing *Metz v. United States*, 788 F.2d 1528, 1534 (11th Cir. 1986) (finding that "a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim.") (quotation omitted).

11

Count V fails for another reason as well. As stated above, the FTCA only waives sovereign immunity for torts recognized by the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Here, Michigan law applies. And "Michigan courts—and federal courts applying Michigan law—have long held that breach of a contract, even if done in bad faith, does not give rise to a separate and independent tort claim." *Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008 (E.D. Mich. 2015); *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 401, 729 N.W.2d 277, 286 (2006) ("A plaintiff cannot maintain an action in tort for nonperformance of a contract."). As such, Plaintiffs' claim is not cognizable under Michigan law and falls outside the FTCA's limited waiver of sovereign immunity.

## II. The Court should dismiss Plaintiffs' breach of contract claims under Rule 12(b)(1) for lack of subject-matter jurisdiction, or Rule 12(b)(6) for failure to state a claim.

Complaint Counts I and II allege breach of contract. To the extent that these claims are advanced against the Federal Defendants, they must be dismissed because the Federal Defendants have not waived sovereign immunity for Plaintiffs' claims and there is no privity of contract between Plaintiffs and the Federal Defendants.

### A. Plaintiffs' contract claims are barred by sovereign immunity.

As stated above, "[t]he United States, as sovereign, is immune from suit save it consents to be sued. . . ." *Sherwood*, 312 U.S. at 586. Waivers of sovereign immunity must be clear and unequivocally expressed in statutory text. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 37 (1992). The Complaint fails to allege any jurisdictional basis on which Plaintiffs can sue FCIC or USDA for breach of contract. Plaintiffs cite to two sources for the Court's jurisdiction over the Federal Defendants—the FTCA and the FCIA. (2d Am. Compl., ECF No. 26, PageID.2286, ¶¶ 8-10.) Neither provide this Court with subject-matter jurisdiction over Plaintiffs' breach of contract claims.

The legislative history of the FTCA reflects Congress's intent that it apply only to "ordinary common-law torts." *Garbarino v. United States*, 666 F.2d 1061, 1064 (6th Cir. 1981) (internal quotation omitted). It does not extend to contract claims. *Vogelaar v. United States*, 665 F. Supp. 1295, 1298 (E.D. Mich. 1987) (citing *Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984)).

The FCIA reads, in pertinent part, as follows: "Subject to section 1508(j)(2)(A) of this title, the [FCIC], subject to the provisions of § 1508(j) of this title, may sue and be sued in its corporate name . . . ." 7 U.S.C. § 1506(d). The "sue and be sued" language has been construed as waiving sovereign immunity against the FCIC. *R & R Farm Enterprises, Inc. v. Federal Crop Ins. Corp.*, 788 F.2d 1148, 1152 (5th Cir. 1986) (internal citations omitted). The "sue and be sued" language, however, is not determinative. As the Supreme Court recognized in *Sherwood*, "the terms of [the Government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Sherwood*, 312 U.S. at 586.

Clearly 1506(d)'s waiver of sovereign immunity is made expressly subject to the provisions of § 1508(j). This section "is titled 'Claims for losses,' and its provisions outline the FCIC's role in adjusting and paying producers' claims for losses and their options when a claim for loss is denied." *American Growers Ins. Co. v. FCIC*, 532 F.3d 797, 803 (8th Cir. 2008). More specifically, Section 1508(j)(2)(A) of the Act provides:

> Subject to subparagraph (B) [statute of limitations], if a claim for indemnity is denied by the Corporation or an approved provider on behalf of the Corporation, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located.

7 U.S.C. § 1508(j)(2)(A).

13

Thus, for insureds,[4] the FCIA's waiver of sovereign immunity applies only if FCIC denies a claim, or the claim is denied by one of FCIC's AIPs on its behalf.[5]  *Cain Field Nursery v. Farmers Crop Ins. Alliance*, *Inc.*, No. 4:09-cv-78, 2010 WL 3813463, at *3-4 (E.D. Tenn. Sept. 22, 2010); *Lucus v. Armtech Ins. Services*, No. 2:13-cv-249, 2015 WL 11120542, at *4-6 (S.D. Miss. Mar. 6, 2015).  Here, FCIC has not denied Plaintiffs' claims, nor has it directed Great American to deny Plaintiffs' claims.  Accordingly, the terms of FCIC's consent to be sued as set out in 7 U.S.C. § 1506(d) and § 1508(j) have not been satisfied and FCIC is not subject to suit.

In addition, USDA is not a proper defendant under the FCIA—the only proper party under the Act is the FCIC or the Secretary of Agriculture.  7 U.S.C. § 1506(d).  As such, any waiver of sovereign immunity under the FCIA does not extend to USDA, and any contract claims against USDA should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

**B.     There is no privity of contract between Plaintiffs and the Federal Defendants.**

To the extent that these claims are advanced against the Federal Defendants, they must be dismissed.  For the government to be sued on a contract, there must be privity of contract between the plaintiff and the United States.  *See Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998) (citations omitted) (breach of contract under the Tucker Act); *Park Props. Assocs., L.P. v. United States*, 916 F.3d 998 (Fed. Cir. 2019) (same).  But Plaintiffs here do not allege that

---

[4] Section 1508(j)(3)—not relevant to Plaintiffs' claims here—permits an AIP to seek indemnification, including costs and reasonable attorney fees, incurred due to errors or omissions by FCIC.  7 U.S.C. § 1508(j)(3).

[5] Where a claim is denied by or on behalf of FCIC, a claimant's right to sue FCIC is further qualified by 7 U.S.C. § 6912(e), a mandatory but non-jurisdictional exhaustion requirement under which a claimant must exhaust all administrative appeal procedures required by law or regulation before bringing a district court action against the FCIC.  *See* 7 U.S.C. § 6912(e); *American Growers Ins. Co.*, 532 F.3d at 800.  Similarly, under USDA and FCIC regulations, a hearing before a National Appeals Division hearing officer is a prerequisite to judicial review.  7 C.F.R. §§ 11.2; 400.96(a).

they had a contract with the Federal Defendants.  Plaintiffs state that Great American issued their crop insurance policies, not the Federal Defendants.  (2d Am. Compl., ECF No. 26, PageID.2287, 2291, ¶¶ 26, 56.)  Plaintiffs name Great American and NHF-I as parties to one crop insurance policy, and Great American and NHF-II as parties to the other crop insurance policy.  (2d Am. Compl., ECF No. 26, PageID.2294, 2296, ¶¶ 84, 94.)  Plaintiffs do not allege that the Federal Defendants were parties to either crop insurance policy.  (*Id.*)  That is because the Federal Defendants were not, in fact, parties to Plaintiffs' crop insurance policies.  The policies themselves do not list the Federal Defendants as parties.  (ECF No. 26-2, PageID.2312; ECF No. 26-10, PageID.2584.)  Regulations also make clear that there is no privity of contract between the Federal Defendants and participants in the federal crop insurance program.  *See* 7 C.F.R. § 400.96 (". . . Nothing in this section can be construed to create privity of contract between [FCIC or RMA] and a participant.").  And courts have repeatedly recognized that FCIC is not a party to crop insurance policies.  *Olsen v. United States ex rel. U.S. Dep't of Agric.*, 546 F. Supp. 2d 1122, 1127 (E.D. Wash. 2008) ("[N]either the Policies nor the [Standard Reinsurance Agreement] establish a contractual relationship between the Plaintiffs and the FCIC."); *Olsen v. United States ex rel. Fed. Crop. Ins. Corp.*, 334 F. App'x 834, 835 (9th Cir. 2009) ("[T]he FCIC was not a party to the contract . . . .").  *See also Old Republic Ins. Co. v. FCIC*, 947 F.2d 269, 276 (7th Cir. 1991) ("The contracts Old Republic has with its farmer-insureds are 'totally distinct and disconnected' from the contracts it has with the FCIC, its reinsurer . . .  [N]o privity exists between the insureds and the FCIC.").

Notably, Plaintiffs also do not allege that USDA or FCIC had or breached any contractual duty—the only duty Plaintiffs attribute to FCIC in Counts I and II is a statutory duty.  (2d Am. Compl., ECF No. 26, PageID.2294, 2296, ¶¶ 86, 96.)  As a result, Plaintiffs' breach of contract

15

claims against the Federal Defendants should be dismissed under Rule 12(b)(6) for failure to state a claim.

### III. The Court should dismiss Plaintiffs' statutory claim under 12(b)(1) for lack of subject matter jurisdiction.

As discussed above, Plaintiffs' Count III alleges that the Federal Defendants failed to promptly adjust, determine, and pay claims in violation of § 1508 of the FCIA. In support of this claim, Plaintiffs cite to 7 U.S.C. § 1508(j)(1), which "requires that the FCIC 'establish standards to ensure that all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner." (2d Am. Compl., ECF No. 26, PageID.2297, ¶ 103) (emphasis omitted). But Plaintiffs do not cite to any authority that gives the Court jurisdiction over this claim. As explained in Section I.C.1 above, the FTCA does not waive sovereign immunity for breaches of statutory duties. And, as explained in Section II.A, the FCIA's waiver of sovereign immunity is limited—it does not include suits for allegedly untimely claims adjustment. *See Cain Field Nursery,* 2010 WL 3813463, at *3-4.

Moreover, even if the Court determined that there is a waiver of sovereign immunity, Plaintiffs' claim still fails because § 1508(j)(1) does not create a cause of action or provide for the relief requested. *See FDIC v. Meyer*, 510 U.S. 471, 484 (1994) ("The first inquiry is whether there has been a waiver of sovereign immunity. If there has been such a waiver . . . the second inquiry comes into play—that is, whether the source of substantive law upon which the claimant relies provides an avenue for relief."); *Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, 767 F.3d 554, 562-63 (6th Cir. 2014) (" '[A] statute creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). It is unclear how § 1508(j)(1) applies to Plaintiffs' claim

16

that the Federal Defendants failed to promptly adjust, determine, and pay indemnity claims. On its face, § 1508(j)(1) simply permits FCIC to adjust and pay claims and empowers FCIC to "establish standards to ensure that all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner." 7 U.S.C. § 1508(j)(1). It does not create a cause of action against FCIC.[6] *Compare with* 7 U.S.C. § 1508(j)(2)(A) ("if a claim for indemnity is denied by [FCIC] or an approved provider on behalf of [FCIC], an action on the claim may be brought against [FCIC]"), *and* 7 U.S.C. § 1508(j)(3) ("[FCIC] shall provide [AIPs] with indemnification . . . due to errors or omission on the part of [FCIC]."). As such, it does not provide a basis for Plaintiffs' claim here.

## IV. The Court should dismiss Plaintiffs' constitutional claims under Rule 12(b)(1) for lack of subject-matter jurisdiction.

In Count IX, Plaintiffs allege constitutional due process violations, citing to the Fifth Amendment and 42 U.S.C. § 1983. But Plaintiffs fail to allege any jurisdictional basis for these claims. The FTCA does not waive sovereign immunity for alleged due process violations. *Lundstrum v. Lyng*, 954 F.2d 1142, 1146 (6th Cir. 1991). And constitutional tort claims may not be brought against federal agencies, like FCIC and USDA; such claims under the U.S. Constitution may only be pursued as individual capacity claims to the extent they are actionable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotic Agents*, 403 U.S. 388 (1971). *Meyer*, 510 U.S. at 477-78; *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Thus, even if Plaintiffs had viable constitutional claims, federal agencies are not proper defendants. *Meyer*, 510 U.S. at 484-85; *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990).

In addition, 42 U.S.C. § 1983 does not apply to federal government actors performing federal duties—it only applies to actions taken under color of state law. *Arabo v. Greektown*

---

[6] Counsel for the Federal Defendants conducted a search but was unable to locate a single federal lawsuit alleging a claim against FCIC based upon 7 U.S.C. § 1508(j)(1).

17

*Casino, LLC*, 553 F. App'x 492, 493 (6th Cir. 2014); *Majors v. City of Clarksville*, 113 F. App'x 659, 659 (6th Cir. 2004). Action "under color of state law" means a "state actor" exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation omitted). Thus, § 1983 does not provide the basis for a claim against the Federal Defendants.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, or Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: August 28, 2023

*/s/ Laura A. Babinsky*
LAURA A. BABINSKY (P85670)
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Laura.Babinsky@usdoj.gov

18