UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NEW HEIGHTS FARM I, LLC, a Michigan
limited liability company; STACY BOERSEN;
NEW HEIGHTS FARM II, LLC, a Michigan
limited liability company; and NICHOLAS
BOERSEN,

    Plaintiffs,

v

GREAT AMERICAN INSURANCE
COMPANY; FEDERAL CROP INSURANCE
CORPORATION; and UNITED STATES
DEPARTMENT OF AGRICULTURE,

    Defendants.

Case No. 1:23-cv-663

Hon.: Hala Y. Jarbou

| | |
|---|---|
| Ronald J. VanderVeen (P33067) | Thomas C. James, Jr., Esq. (OH0073531) |
| John D. Fitzpatrick (P85554) | Sanders & Associates, LPA |
| Carl Thorwall (P86746) | *Attorneys for Defendant Great American* |
| Cunningham Dalman, P.C. | 8040 Hosbrook Road, Suite 202 |
| *Attorneys for Plaintiffs* | Cincinnati, OH 45236 |
| 321 Sellers Road | (513) 229-8080 |
| Holland, MI 49422-1767 | tomjames@sanderslpa.com |
| (616) 392-1821 | |
| rjvv@cunninghamdalman.com | Laura Babinsky (P85670) |
| jfitzpatrick@cunninghamdalman.com | United States Attorney's Office |
| carlt@cunninghamdalman.com | *Attorney for Federal Defendants* |
| | Post Office Box 208 |
| | Grand Rapids, MI 49501-0208 |
| | (616) 808-2020 |
| | laura.babinsky@usdoj.gov |

**JOINT STATUS REPORT PURSUANT TO FED. R CIV. P 26**

    The parties met on September 8, 2023 and submit this report pursuant to the Order Regarding Preparation of Joint Status Report entered by the Court.

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

1

<u>Plaintiffs</u>:  Plaintiffs contend that the jurisdiction as to Defendant Great American is based on diversity as Plaintiffs are Michigan residents and Defendant Great American is an Ohio resident.  Plaintiffs contend that jurisdiction against Defendants FCIC and USDA is based on 7 U.S.C. § 1506 (d) and federal question jurisdiction.

<u>Defendant Great American</u>:  Plaintiffs' Second Amended Complaint cites 28 U.S.C. § 1332 and contends that "subject matter jurisdiction" is present because the plaintiffs are Michigan residents, and the Defendants, including Great American, are residents of other states.  For the reasons included in Great American's Motion to Dismiss, Great American contends that Plaintiffs' claims are not ripe for adjudication.  In addition, once FCIC concludes its investigation, and Great American finalizes the claims in issue here, any disputes over Great American's determinations are subject to the arbitration clause in the policy.

<u>Federal Defendants</u>:  Plaintiffs' Second Amended Complaint cites 7 U.S.C. § 1506(d) and 28 U.S.C. § 1346(b)(1) as the basis for this Court's jurisdiction over their claims against the Federal Defendants.  For the reasons set forth in their pending Motion to Dismiss and Statement of the Case below, the Federal Defendants contend that this Court lacks subject matter jurisdiction over Plaintiffs' claims against them.

2. <u>Jury or Non−Jury</u>:

    <u>Plaintiffs</u>:  Plaintiffs have requested a trial by jury on all issues subject to a jury trial.

    <u>Defendant Great American</u>:  Defendant Great American requests that the claims against it be tried by the Court as a trier of law and fact to the extent they are not subject to arbitration.

    <u>Federal Defendants</u>:  Plaintiffs' claims against the Federal Defendants are to be tried by the Court as a trier of law and fact.

3. <u>Judicial Availability</u>:

    The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>: This case involves:

    <u>Plaintiffs</u>: GAIC and FCIC breached their insurance policy by refusing to investigate and determine Plaintiffs' New Heights Farm I's and New Heights Farm II's 2019 insurance claim. Further, Defendants have interfered with Plaintiffs' business operations by telling people that they are being investigated for fraud. Plaintiff has pled claims for breach of contract, failure to timely investigate and determine the claim in good faith, intentional infliction of emotional distress, tortious interference with a contract, tortious interference with business relationships and violation of due process rights.

    <u>Defendant Great American</u>:  The federal Common Crop Insurance Policy found at 7 CFR §457.8 applies to the policies and claims in issue in this case.  During Great American's adjustment of the claims in issue, FCIC opened a fraud investigation into those claims.  The

regulations and policy prohibit further adjustment or any payment until that investigation concludes and finds no evidence of wrongdoing.  Great American has not received notice regarding the results of conclusion of that investigation.  Great American has not finalized its adjustment or made any claims determinations of the claims in issue here.  Plaintiffs' claims are not ripe for adjudication.  The policy terms preempt any state law that would otherwise require payment within a certain time.  CCIP Basic Provisions Section 14(f)(3) mandates that a claim becomes payable at the later of several dates, one of which is completion of any USDA investigation if no evidence of wrongdoing is found.  CCIP Basic Provisions Section 14(h) also permits Great American to defer any adjustment until the amount of loss can be accurately determined.  Furthermore, all disputes regarding determinations Great American may make once the investigation concludes will be subject to the arbitration provisions found in CCIP Basic Provisions Section 20.  7 USC § 1708(j) does not provide a basis for a private cause of action.  Bad faith is not a cognizable claim under Michigan law.  A contract with a third party must be breached to successfully state a claim for Intentional Interference with Contractual Relationships.  A per se wrongful act or unjustified lawful act with malice must be established for an Intentional Interference with Business Relationships or Expectancies Claim.  Claims investigations done for legitimate reasons cannot establish wrongful conduct for an Intentional Interference with Business Relationships or Expectancies Claim.

Federal Defendants:  The Federal Defendants filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiffs' breach of contract claims, Counts I and II of the complaint, should be dismissed under Rule 12(b)(1) because Plaintiffs have failed to state a basis on which this Court has jurisdiction over these claims. The Federal Tort Claims Act (FTCA) does not waive sovereign immunity for contract claims and the Federal Crop Insurance Act's waiver of sovereign immunity is limited—it applies only if FCIC denies a claim, or the claim is denied on its behalf—neither of which occurred here. Plaintiffs' tort claims, Counts III-VII, should be dismissed under Rule 12(b)(1) because Plaintiffs did not name a proper defendant under the FTCA and did not exhaust their administrative remedies. In addition, the FTCA's waiver of sovereign immunity does not extend to alleged breaches of federal statutory duties or to Plaintiffs' other tort claims. Lastly, Plaintiffs have failed to identify any basis for this Court's jurisdiction over the Federal Defendants with respect to Count III, their statutory claim, or Count IX, their due process claim, so these claims should also be dismissed under Rule 12(b)(1).

5. Prospects of Settlement: The status of settlement negotiations is:

    The parties have not engaged in settlement discussions but believe that the pending fraud investigation presents an obstacle to settlement that is difficult to overcome.

6. Pendent State Claims: This case does include pendent state claims.

7. Joinder of Parties and Amendment of Pleadings:  Plaintiffs may request to amend their pleadings pending the Court's decision on Defendants' motions to dismiss the complaint. The parties believe issues of joinder need to be determined after the Court rules on Defendants' motions to dismiss and Plaintiffs' amendments, if any.

8. <u>Disclosures and Exchanges</u>:  The parties request that the Court establish deadlines for disclosures and exchanges following a ruling on Defendants' motions to dismiss Plaintiffs' complaint, should the Court deny Defendants' motions.

9. <u>Discovery</u>: The parties request that the Court establish deadlines for disclosures and exchanges following a ruling on Defendants' motions to dismiss Plaintiffs' complaint, should the Court deny Defendants' motions.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    The parties expect that they may have electronically stored information that will be subject to disclosure or discovery if the case proceeds past motions to dismiss.  The parties are not aware of any issues that require the Court's intervention related to the disclosure, discovery, or preservation of electronically stored information.

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:

    The parties propose to use the procedure set forth in Rule 26(b)(5)(B) to address claims of privilege or work product immunity for items inadvertently produced during discovery.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.  The following dispositive motions are contemplated by each party:

    Defendant Great American filed a Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) on August 24, 2023.  The Federal Defendants filed a Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) on August 28, 2023.

    If the Court denies the pending motions to dismiss, the parties anticipate that additional dispositive motions, such as motions for summary judgment, may be filed in this case.  The parties request that the Court establish deadlines for those additional dispositive motions following a ruling on Defendants' motions to dismiss.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

    If this matter does not resolve through Defendants' pending motions to dismiss, the parties recommend that this case be submitted to voluntary facilitative mediation.

14. <u>Length of Trial</u>: Counsel estimate the trial will last approximately 7 days total, allocated as follows: 3 days for Plaintiffs' case, 2 days for Defendant Great American's case, and 2 days for the Federal Defendants' case.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. <u>Other</u>: None.

Dated: September 22, 2023                                      Dated:  September 22, 2023

By: <u>*/s/ Ronald J. VanderVeen*</u>                          By: <u>*/s/ Thomas C. James, Jr.*</u>
    Ronald J. VanderVeen (P33067)                      Thomas C. James, Jr., Esq. (OH0073531)
    Cunningham Dalman, PC                               Sanders & Associates, LPA
    Attorneys for Plaintiff                             *Attorneys for Defendant Great American*
    321 Settlers Road                                   8040 Hosbrook Road, Suite 202
    Holland, MI 49423                                   Cincinnati, OH 45236
    (616) 392-1821                                      (513) 229-8080
    rjvv@cunninghamdalman.com                           tomjames@sanderslpa.com

                                                   Dated: September 22, 2023

                                                   By: <u>*/s/ Laura Babinsky*</u>
                                                   Laura Babinsky (P85670)
                                                   United States Attorney's Office
                                                   *Attorney for Federal Defendants*
                                                   Post Office Box 208
                                                   Grand Rapids, MI 49501-0208
                                                   (616) 808-2020
                                                   laura.babinsky@usdoj.gov