

United States
Department of
Agriculture

Farm and Foreign
Agricultural
Services

Risk
Management
Agency

1400 Independence
Avenue, SW
Stop 0801
Washington, DC
20250-0801

**BULLETIN NO.: MGR-14-010**

**TO:**     All Approved Insurance Providers
            All Risk Management Agency Field Offices
            All Other Interested Parties

**FROM:**   Brandon Willis
            Administrator

**SUBJECT:** Section 20 of the Basic Provisions and Final Agency Determination (FAD)-193

**BACKGROUND:**
In accordance with section 20(i) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. § 457.8 "In a judicial review only, you may recover attorney's fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled."

As regulator of the Federal crop insurance program, the Risk Management Agency (RMA) has the authority to ensure that approved insurance providers (AIPs) and their affiliates follow approved policy and procedures.  RMA can take appropriate action against an AIP and its affiliates when they fail to do so.  However, RMA does not want to forestall the possibility of extra-contractual damages when the conduct of the AIP or its affiliates was particularly willful and egregious.  Section 20(i) of the Basic Provisions provides a means to collect such damages, which are available only if RMA determines that the conduct warrants the imposition of punitive and other extra-contractual damages.

To make sure it has sufficient facts upon which to make a determination under 20(i), RMA created an informal procedure where it deferred making a decision until the court case was resolved.  RMA was asked to reconsider this position on the basis that in most arbitrations, the parties have had the full and fair opportunity to present their evidence and defend their positions so that all the facts are known.  RMA acknowledges this may be the case in many situations.  As a result RMA may issue its 20(i) determination prior to resolution of the court case and save all parties and the court time, money and resources.  Because each

USDA is an Equal Opportunity Provider and Employer

Exhibit 10

**BULLETIN NO.: MGR-14-010**  Page 2

dispute is unique RMA will not issue a blanket rule regarding 20(i) determinations. Rather, when a 20(i) determination is sought RMA will notify the parties if the record from the arbitration is sufficient to render a determination or whether additional information is required.

### **ACTION:**

If a determination is sought under section 20(i) of the Basic Provisions:

    (1) the case must be in judicial review;

    (2) the parties must have been through mediation, as applicable, and arbitration;

    (3) the requestor must provide RMA with the complete record from the arbitration, including all briefs, filings, the transcript from the arbitration, if applicable, and decision of the arbitrator. Failure to provide a complete record will result in the rejection of the request.

On a case-by-case basis, RMA will review the record to determine if the AIP or its affiliates wilfully and egregiously failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the producer receiving a payment in an amount that is less than the amount to which he or she was entitled. If RMA is unable to make a determination based on the record, RMA will notify the parties within 30 days and defer a decision until the conclusion of the court case. If RMA is able to make a determination on the record, RMA will render it within 120 days of receiving the complete record.

Requests for a determination in accordance with 20(i) of the Basic Provisions must be submitted to:

    Deputy Administrator for Compliance

    1400 Independence Avenue, SW

    Room 6092-Stop 0801

    Washington, D.C. 20250

### **DISPOSAL DATE:**

This Manager's Bulletin will expire when rescinded.