UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NEW HEIGHTS FARM I, LLC, a Michigan limited liability company; STACY BOERSEN; NEW HEIGHTS FARM II, LLC, a Michigan limited liability company; and NICHOLAS BOERSEN, <br><br> Plaintiffs, <br><br> v. <br><br> GREAT AMERICAN INSURANCE COMPANY; FEDERAL CROP INSURANCE CORPORATION; and UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendants. <br> _____/ | Case No. 1:23-cv-663 <br><br> Hon. Hala Y. Jarbou <br> Chief U.S. District Court Judge <br><br> Hon. Phillip J. Green <br> U.S. Magistrate Judge |

**REPLY IN SUPPORT OF DEFENDANTS
U.S. DEPARTMENT OF AGRICULTURE AND FEDERAL
CROP INSURANCE CORPORATION'S MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs' claims against the Federal Crop Insurance Corporation (FCIC) and the United States Department of Agriculture (USDA) (the Federal Defendants) related to the adjustment of their crop insurance indemnity claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, or Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiffs' Response to the Federal Defendants' Motion to Dismiss (the Response) fails to address the jurisdictional and pleading deficiencies of the Second Amended Complaint (the Complaint) and concedes that their claims are fatally flawed.[1]

First, Plaintiffs concede that they have not administratively exhausted their tort claims, and request that the Court dismiss them. (ECF No. 40, PageID.3495.) Second, Plaintiffs concede that they cannot bring a constitutional tort claim against the Federal Defendants under 42 U.S.C. § 1983, and instead attempt to assert a *Bivens* claim. (ECF No. 40, PageID.3505-3506.) A *Bivens* claim, however, also fails because the Federal Defendants are not proper *Bivens* defendants, and the Complaint does not allege facts sufficient to state a valid *Bivens* claim. Lastly, Plaintiffs concede that the Federal Crop Insurance Act's (FCIA) waiver of sovereign immunity is limited— it applies only where FCIC denies a claim, or the claim is denied by one of FCIC's Approved Insurance Providers (AIPs) on its behalf, neither of which has occurred here. (ECF No. 40, PageID.3498.) The Response admits that FCIC has not actually denied the disputed insurance claims, but argues that the claims here fall within the scope of the waiver because FCIC has

---

[1] The Response also includes facts not alleged in the Complaint "to provide a more complete context for the Court's decision on these issues." (ECF No. 40, PageID.3495.) These additional facts are not properly before the Court and should not be considered in deciding this motion. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34 ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")).

constructively denied the insurance claims. (*Id*. at PageID.3498-3499.) This is not so, but even if the Court determined that FCIC had constructively denied Plaintiffs' insurance claims, Plaintiffs' legal claims cannot proceed because they have not exhausted their administrative remedies as required by USDA and FCIC regulations.

Therefore, for the reasons stated below and in the Federal Defendants' Memorandum in Support of Motion to Dismiss (Opening Brief) (ECF No. 32, PageID.3090-3110), the Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, or Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## ARGUMENT

**I.  It is undisputed that the Court should dismiss Plaintiffs' tort claims under Rule 12(b)(1) for lack of subject-matter jurisdiction.**

In their Response, Plaintiffs concede that their claims under the Federal Tort Claims Act (FTCA) are subject to dismissal. (ECF No. 40, PageID.3495.) As a result, the Court should dismiss any claim Plaintiffs are attempting to bring under the FTCA. Plaintiffs admit that this includes Counts IV, VI, and VII of their Complaint. (*Id*.) However, it also includes Count V, Plaintiffs' bad faith adjustment claim. (ECF No. 26, PageID.2302-2303, ¶¶ 130-136.) The Response does not address Count V,[2] so the Federal Defendants' arguments regarding this claim are unrebutted. (ECF No. 32, PageID.3100-3102.) To the extent Plaintiffs bring this claim as a tort claim, it is likewise subject to dismissal.

---

[2] The Response erroneously refers to Count V as a due process claim, but Plaintiffs' due process claim is Count IX. (ECF No. 40, PageID.3505; ECF No. 26, PageID.2306.)

2

**II.     The Court should dismiss Plaintiffs' constitutional claim under Rule 12(b)(1) for lack of subject-matter jurisdiction because they have not named a proper *Bivens* defendant, or Rule 12(b)(6) because they have not pled facts sufficient to state a valid *Bivens* claim.**

In their Response, Plaintiffs agree that they cannot bring a constitutional tort claim against the Federal Defendants under 42 U.S.C. § 1983.  To correct their error, Plaintiffs attempt to reframe Count IX as a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotic Agents*, 403 U.S. 388 (1971).  But, as Plaintiffs admit, *Bivens* actions may not be brought against the United States, federal agencies, or official capacity federal officials.  *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).  Such claims under the U.S. Constitution may only be pursued as individual capacity claims.  *Berger*, 933 F.2d at 397.  Here, the only named Defendants are FCIC and USDA—neither of which is a proper defendant under *Bivens*.  *Meyer*, 510 U.S. at 484-85; *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990).  Consequently, Plaintiffs' constitutional tort claims against the Federal Defendants must be dismissed.

Plaintiffs' Response states that they did not name specific Defendants because their identity is unknown.[3]  (ECF No. 40, PageID.3506.)  But this does not excuse them from naming a proper, albeit unknown, *Bivens* defendant.  *See, e.g. Bivens*, 403 U.S. at 388.  Nor does it permit Plaintiffs to proceed with their claim against federal agencies who may not be sued under *Bivens*.  Regardless, the deficiencies in Plaintiffs' Complaint go beyond the failure to name a proper defendant.  Plaintiffs' proposed *Bivens* claim also fails under Rule 12(b)(6) because the Complaint fails to articulate a valid claim.  To state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

---

[3] And in one case where the identity was known, "he was not listed in the Complaint in his official capacity as a matter of discretion." (ECF No. 40, PageID.3506, n. 7.)

3

Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiffs have not done so here, and they admit as much. (*See* ECF No. 40, PageID.3506 ("[t]he Complaint did not raise allegations against specific federal government officials.")) Instead, the Complaint generally alleges that FCIC and USDA purposefully delayed adjustment of their insurance claims and engaged in a protracted fraud investigation. Plaintiffs' allegations are too vague and conclusory to meet the requirements of Rule 12(b)(6) and should be dismissed. *See Iqbal*, 556 U.S. at 678; *Bassett v. NCAA*, 528 F.3d 426, 437 (6th Cir. 2008).

Moreover, any amendment to add a proper *Bivens* defendant or to plead a *Bivens* claim would be futile. Allowing such claims would create a new damages remedy against a new category of defendants in a new context[4]—a judicial act that is "disfavored." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856-57 (2017). "There is a firm presumption against implying any other new cause of action under *Bivens*." *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *3 (6th Cir. Sept. 13, 2022) (quotations omitted). This is because "[a]t bottom, creating a cause of action is a

---

[4] Relying on *Davis v. Passman*, 442 U.S. 228 (1979), Plaintiffs argue that their due process claim does not present a new context, but in doing so they overreach. As the Sixth Circuit recently put it, "*Bivens* claims are currently limited to three situations: 1) a Fourth Amendment claim against federal narcotics agents for an illegal seizure [*Bivens*], 2) a Fifth Amendment claim against a member of Congress for sex discrimination [*Davis*], and 3) an Eighth Amendment claim against prison officials for inadequate medical care [*Carlson v. Green*, 446 U.S. 14 (1980)]." *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *3 (6th Cir. Sept. 13, 2022). If a case "differs in virtually any way from the *Bivens* trilogy," it is new. *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021); *see also Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019) ("No one thinks *Davis* . . . means the entirety of the Fifth Amendment's Due Process Clause is fair game in a *Bivens* action."). Plaintiffs' due process claim is substantially different from the claim at issue in *Davis*—it does not involve congressional employees, an employment dispute, or sex discrimination. *See Schweiker v. Chilicky*, 487 U.S. 412, 420 (1988) (denying a *Bivens* action under the Fifth Amendment's Due Process Clause for wrongful denial of Social Security disability benefits); *Chappell v. Wallace*, 462 U.S. 296 (1983) (rejecting Fifth Amendment Due Process claim for unlawful termination (the claim at issue in *Davis*) because the plaintiff was a military servicemember rather than a congressional employee).

legislative endeavor," *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022), and Congress, not the Judiciary, is best suited "to decide when to provide a cause of action against federal employees." *Elhady*, 18 F.4th at 883.

**III.     The Court should dismiss Plaintiffs' remaining claims under Rule 12(b)(1) for lack of subject-matter jurisdiction, or 12(b)(6) for failure to state a claim.**

**A.     Plaintiffs' remaining claims are barred by sovereign immunity.**

Plaintiffs rely on the FCIA as the basis for this Court's jurisdiction over their remaining claims against the Federal Defendants. As stated in the Opening Brief, the FCIA's waiver of sovereign immunity applies only if FCIC denies a claim, or the claim is denied by one of FCIC's AIPs on its behalf, neither of which has occurred here. (*See* ECF No. 32, PageID.3102-3104) (citing 7 U.S.C. §§ 1506(d), 1508(j)(2)(A))). Plaintiffs do not dispute the limits of this waiver. Instead, they attempt to skirt this jurisdictional bar by arguing that FCIC has constructively denied Plaintiffs' insurance claims. This argument does not save Plaintiffs' claims because FCIC has neither actually, nor constructively denied Plaintiffs' claims.

To support their constructive denial argument, Plaintiffs cite to only one case related to insurance claim processing—*Beddingfield v. Mullins Ins. Co.*, 266 So. 3d 698, 705-706 (Ala. 2018), which is an Alabama Supreme Court case applying Alabama state law, so it has no application here. The other cases cited by Plaintiffs are likewise distinguishable. One is an Administrative Procedure Act (APA) case regarding allegedly unreasonable delay in the processing of U-visas—it does not address crop insurance, the FCIA, or constructive denials at all. *Barrios Garcia v. U.S. Dep't of Homeland Sec.,* 14 F.4th 462, 485 (6th Cir. 2021). The other cases address constructive denial, but only as it relates to administrative exhaustion of Religious Land Use and Institutionalized Persons Act claims via the grievance process in correctional settings. *Byrd v. Haas*, 17 F.4th 692, 698 (6th Cir. 2021); *Haight v. Thompson*, 763 F.3d 554, 560 (6th Cir.

5

2014). These cases do not support a finding of constructive denial of insurance claims under the FCIA here.

But, even if the Court finds *Byrd* or *Haight* instructive, they weigh against, rather than in favor, of a finding of constructive denial here. In *Byrd*, the Sixth Circuit cautioned that "constructive denials are—and should remain—rare." *Byrd*, 17 F.4th at 698. And "when determining whether a constructive denial has occurred, courts should take context as their guidepost," which "may include considering the length of the delay, any reasonable justification for the delay, and the nature of the interest involved." *Id*. at 698-99. *Haight* and *Byrd* involved a more than four-year, and a nearly six-year delay, respectively, by the state department of corrections in responding to relatively simple requests for religious accommodations, property, and group services. *Haight*, 763 F.3d at 561; *Byrd*, 17 F.4th at 698-99. The Sixth Circuit in *Byrd* found this delay sufficient to constitute a constructive denial, where the Michigan Department of Corrections had not even begun analyzing the "straightforward" request for more than five years and offered no justification for the delay. *Id*. at 699. In contrast, the delay here is shorter and well-justified—Plaintiffs' crop insurance claims have not been adjusted because FCIC, along with the USDA's Office of Inspector General and the U.S. Attorney's Office for the Western District of Michigan, is investigating Plaintiffs' possible crop insurance fraud. Investigations, particularly fraud investigations, can be complex, multi-year operations, and the investigation's findings will likely impact the adjustment of Plaintiffs' 2019 claims. As such, the length of the delay, as well as the nature and complexity of the issues involved, do not support finding that FCIC has constructively denied Plaintiffs' insurance claims here.

**B.     Even if the Court determines that Plaintiffs' claims are not barred by sovereign immunity, the claims should be dismissed under Rule 12(b)(6) because Plaintiffs have not exhausted their administrative remedies.**

Regardless, even if the Court determines that a constructive denial has occurred such that Plaintiffs' claims fit within the FCIA's limited waiver of sovereign immunity, these claims still fail because Plaintiffs have not exhausted their administrative remedies as required by the Department of Agriculture Reorganization Act of 1994.  Section 6912(e) requires claimants to "exhaust all administrative appeal procedures established by the Secretary or required by law" before "bring[ing] an action in a court of competent jurisdiction" against the USDA or its agencies. 7 U.S.C. § 6912(e).  These administrative exhaustion procedures are set forth in 7 C.F.R. 400, Subpart J, and require participants to appeal an Agency adverse decision, such as a denial of program benefits, to the National Appeals Division prior to seeking judicial review of that decision.  7 C.F.R. §§ 11.2; 400.96(a).  *See also Stewart v. FCIC*, No. 4:09-cv-101, 2010 WL 3341863, at *4 (E.D. Tenn. Aug. 25, 2010) ("when the FCIC or RMA participates in the denial of an insured's claim . . . the insured may sue those governmental entities in federal court . . . [b]ut first, the insured must exhaust his administrative remedies—remedies that include an NAD hearing.")  This requirement is mandatory but not jurisdictional. *American Growers Ins. Co. v. FCIC*, 532 F.3d 797, 800 (8th Cir. 2008).  The Complaint alleges neither that Plaintiffs have exhausted their administrative remedies, nor that they should be excused from doing so.  As such, the Court should dismiss their claims under 12(b)(6) for failure to state a claim.

**C.     The Court should dismiss Plaintiffs' contract claims under Rule 12(b)(6) for failure to state a claim.**

As stated in the Federal Defendants' Opening Brief, Plaintiffs' breach of contract claims also fail because the Complaint does not allege privity of contract and there is in fact no privity of contract between Plaintiffs and the Federal Defendants.  This is made clear in the insurance policies

themselves, applicable regulations, and cases directly addressing the issue.  (See ECF No. 26-2, PageID.2312); (ECF No. 26-10, PageID.2584); 7 C.F.R. § 400.96(c) ("Nothing in this section can be construed to create privity of contract between [FCIC or RMA] and a participant."); *Olsen v. United States ex rel. FCIC*, 334 F. App'x 834, 835 (9th Cir. 2009) ("[T]he FCIC was not a party to the contract . . . ."); *Old Republic Ins. Co. v. FCIC*, 947 F.2d 269, 276 (7th Cir. 1991) ("[N]o privity exists between the insureds and the FCIC.").

Plaintiffs' Response attempts to rebut this argument by citing to *Tex. Peanut Farmers v. United States*, 409 F.3d 1370 (Fed. Cir. 2005), but Plaintiffs misstate the holding of that case.  The Federal Circuit did not make a finding of contractual privity as Plaintiffs contend.  In that case, the plaintiffs, holders of multiperil crop insurance policies (MPCI) issued by private insurers and reinsured by FCIC, sued the United States, USDA, and RMA for breach of the MPCI in the Court of Federal Claims pursuant to the Tucker Act.  *Id*. at 1372.  The issue before the Federal Circuit was whether the Federal Court of Claims had subject-matter jurisdiction over the plaintiffs' claims, given that the FCIA granted exclusive jurisdiction over claims against the FCIC to federal district courts.  *Id*. at 1372-74.  The plaintiffs argued that the Court of Federal Claims had jurisdiction because they named the United States, RMA, and the USDA, but not the FCIC, as defendants.  *Id*. at 1372.  In determining that it lacked jurisdiction over the claim, the Federal Circuit looked to the true nature of the action, which it determined was a suit against FCIC, not the named defendants, for breach of the MPCI.  *Id*. at 1372-73.  Because the Federal Circuit determined that it lacked subject-matter jurisdiction, it did not make a finding about the viability of the claim itself or contractual privity.  *Foster v. United States*, 111 Fed. Cl. 658, 661 (Ct. Fed. Cl. 2013) ("[b]ecause subject matter jurisdiction is a threshold matter, it must be established before the case can proceed on the merits.") (internal quotation and citation omitted).  As such, this case does not support

8

Plaintiffs' argument regarding contractual privity. The Court should also not be persuaded by Plaintiffs' reliance on dicta in *Wiley v. Glickman,* No. A3-99-32, 1999 WL 33283312 (D. N.D. Sept. 3, 1999), an unpublished North Dakota district court decision in which the plaintiff did not even allege a breach of contract claim against the FCIC, so the court did not rule on the issue.

It is true that, at times, FCIC may be involved in crop insurance determinations. 7 U.S.C. § 1508(j)(2)(A). It is also true that insureds may sue FCIC if they disagree with these determinations. *See, e.g., id.* ("if a claim for indemnity is denied by [FCIC] or an approved provider on behalf of [FCIC], an action on the claim may be brought against [FCIC]"). But that does not mean that there is privity between insureds and FCIC, or that insureds can sue for breach of contract. The legislative scheme contemplates that such actions are brought under the APA following the administrative exhaustion process set forth in the regulations—namely a hearing before a National Appeals Division hearing officer. 7 C.F.R. §§ 11.2; 400.96(a). *See also Stewart*, 2010 WL 3341863.[5]

Furthermore, Plaintiffs' failure to allege privity of contract is not the only defect in the breach of contract claims. The Complaint does not identify an obligation or duty arising from the crop insurance policies that FCIC has allegedly breached. *See Century Exploration New Orleans, LLC v. United States*, 110 Fed. Cl. 148, 163 (Fed. Cl. 2013) (claim for breach of contract against the Government "requires plaintiffs to demonstrate: (1) a valid contract between the parties; (2) an obligation or duty arising from that contract; (3) a breach of that duty; and (4) damages caused by

---

[5] The Response cites *Stewart* in support of Plaintiffs' argument, but this reliance is misplaced. (ECF No. 40, PageID.3503.) *Stewart* is an APA case filed after the plaintiff administratively appealed the denial of its insurance claim—it does not involve breach of contract claims. 2010 WL 3341863, at *3-4.

9

the breach.")  These deficiencies are fatal to Plaintiffs' contract claims, so the Court should dismiss them under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, or Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: October 10, 2023

*/s/ Laura A. Babinsky*
LAURA A. BABINSKY (P85670)
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Laura.Babinsky@usdoj.gov

10