UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW HEIGHTS FARM I, LLC, et al.,

      Plaintiffs,                               Case No. 1:23−cv−00663−HYJ−PJG

v.                                                 Hon. Hala Y. Jarbou

GREAT AMERICAN INSURANCE
COMPANY, et al.,

      Defendants.
_____/

## NOTICE OF APPOINTMENT OF FACILITATIVE MEDIATOR

      This matter has been referred to facilitative mediation, to be conducted in accordance with W.D. Mich. LCivR 16.3 and the Voluntary Facilitative Mediation <u>Program Description</u> adopted by the Court.

      TAKE NOTICE that **Jon G. March** is hereby appointed Mediator. The initial facilitative mediation session shall take place **on or before March 28, 2024**, and shall take place at the time and location designated by the Mediator. The Mediator has the discretion to schedule additional sessions as necessary to facilitate resolution of this dispute. All parties or individuals with settlement authority are required to attend the mediation session(s). All parties are directed to attend all scheduled mediation session(s) with their respective counsel of record. Corporate parties must be represented by an agent with the authority to negotiate a binding settlement.

      FURTHER, not less than seven (7) days prior to the scheduled mediation session, each party is to provide the Mediator with a concise memorandum, no more than ten (10) double−spaced pages in length, setting forth the party's position concerning the issues to be resolved through mediation, including issues relative to both liability and damages. The Mediator may circulate the parties' memoranda with the consent of all parties.

      The Mediator shall encourage and assist the parties in reaching settlement of their dispute but will not compel or coerce the parties to enter into a settlement agreement.

      The referral of this case to mediation will not delay or modify any time period relating to its disposition, without express order of the court. Unless otherwise ordered, parties are not precluded from filing pretrial motions or pursuing discovery.

      Pursuant to Fed. R. of Evid. 408, all information disclosed during the mediation

session, including the conduct and demeanor of the parties and their counsel during the proceedings, must remain confidential, and must not be disclosed to any other party nor to this court, without consent of the party disclosing the information. The Mediator may not be called as a witness nor may the Mediator's records be subpoenaed or used as evidence.

FURTHER, within seven (7) days of completion of the mediation session, the Mediator will file a brief report with the ADR administrator, stating only who participated in the mediation session and whether settlement was reached. Such a post–mediation report is not to contain any additional information which may breach the principles of confidentiality and privacy noted herein.

FURTHER, within seven (7) calendar days of this notice, by **November 1, 2023**, the parties shall pay an assessment fee of $50.00 (fifty dollars), of which $25.00 (twenty–five dollars) is to be paid by the plaintiff(s) and $25.00 (twenty-five dollars) is to be paid by the defendant(s). **Checks for assessment fees should be made payable to the *Federal Bar Association* and submitted to the Clerk of the Court**, 399 Federal Building, 110 Michigan St., N.W., Grand Rapids, MI 49503. In addition, the Mediator shall be paid his hourly rate of **$360.00 per hour**, which shall be assessed in as many equal parts as there are represented parties. In the event of noncompliance, the Mediator may petition the court directing payment of his fees.

This referral is not a substitute for trial and the above entitled case will proceed to trial in the event settlement is not reached.

CLERK OF COURT

Dated:  October 25, 2023          By:     /s/ Kim M. Davis
                                          Deputy Clerk