UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NEW HEIGHTS FARM I, LLC, a Michigan limited liability company; STACY BOERSEN; NEW HEIGHTS FARM II, LLC, a Michigan limited liability company; and NICHOLAS BOERSEN,<br><br>    Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY; FEDERAL CROP INSURANCE CORPORATION; and UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendants.<br>_____/ | Case No. 1:23-cv-663<br><br>Hon. Hala Y. Jarbou<br>Chief U.S. District Court Judge<br><br>Hon. Phillip J. Green<br>U.S. Magistrate Judge |

**MEMORANDUM IN SUPPORT OF DEFENDANTS
U.S. DEPARTMENT OF AGRICULTURE AND FEDERAL
<u>CROP INSURANCE CORPORATION'S MOTION TO STAY DISCOVERY</u>**

## INTRODUCTION

Defendants Federal Crop Insurance Corporation (FCIC) and the United States Department of Agriculture (USDA) (collectively, the Federal Defendants) oppose commencement of discovery as to the Federal Defendants as inappropriate and premature in view of their pending motion to dismiss. Among other bases for dismissal, the Federal Defendants' motion asserts sovereign immunity from suit and statutory administrative exhaustion requirements, both of which would be seriously undermined by proceeding with discovery now. On September 28, 2023, the Court entered a Case Management Order setting discovery deadlines for this case, and Plaintiffs served discovery requests on the Federal Defendants on October 6, 2023. (*See* ECF No. 42, PageID.3543; ECF No. 46, PageID.3582.) It would waste time and resources to subject the Federal Defendants to discovery while their Motion to Dismiss is pending, as the motion could dispose of all claims against the Federal Defendants and Plaintiffs do not need discovery in connection with the motion.

## DISCUSSION

Federal Rule of Civil Procedure 26 authorizes the Court to control the discovery process. Fed. R. Civ. P. 26(c)(1)(A)-(D). This includes "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Serenity Point Recovery, Inc. v. Blue Cross Blue Shield of Michigan*, No. 1:19-cv-620, 2021 WL 5710724, at *1 (W.D. Mich. Apr. 8, 2021); *Cromer v. Braman*, No. 1:07-cv-9, 2007 WL 3346675, at *1 (W.D. Mich. Nov. 7, 2007). Doing so is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Cromer*, 2007 WL 3346675, at *1 (quotation omitted).

Waiting to commence discovery is appropriate when there is a pending dispositive motion based on a lack of subject matter jurisdiction or another threshold defense that would be "substantially vitiated" if discovery proceeds. *See Serenity Point Recovery, Inc*., 2021 WL

1

5710724, at *1 (discussing *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) and staying discovery in view of pending motion to dismiss for lack of standing). *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (rejecting exercise of "hypothetical jurisdiction" and explaining that subject matter jurisdiction must be decided before proceeding to the merits). Immunity from suit and failure to exhaust administrative remedies are two such defenses whose protections would be seriously undermined if discovery proceeds while a dispositive motion raising them is pending. *See Johnson v. Barney*, No. 1:21-cv-141, 2022 WL 4471861, at *1 (S.D. Ohio Sept. 26, 2022) (finding defense of failure to exhaust administrative remedies would be substantially vitiated if discovery proceeded while motion was pending); *Hugueley v. Parker*, No. 3:19-cv-00598, 2020 WL 434255, at *2 (M.D. Tenn. Jan. 28, 2020) (concluding that it would be "unnecessary and ill-advised" to proceed with costs and burdens of discovery where the motion to dismiss was based on exhaustion under the Prison Litigation Reform Act, which provides a shelter against extensive litigation of unexhausted prisoner complaints); *Bickerstaff v. Cuyahoga Cnty.*, No. 1:18-cv-1142, 2019 WL 1518163, at *1 (N.D. Ohio Apr. 8, 2019) (concluding that because immunity would protect defendants from suit if they prevailed on motion, the burden of discovery outweighed the hardship of a stay of discovery); *Novel v. Lowe*, No. 2:13-cv-703, 2014 WL 559088, at *1-2 (S.D. Ohio Feb. 11, 2014) (deciding that stay of discovery was justified to address the preliminary issue of subject matter jurisdiction where the motion, if granted, would eliminate any federal claims and would require the parties to pursue remaining state law claims in an appropriate state court); *Martin v. Mohr*, No. 1:12-cv-281, 2012 WL 5915501, at *2 (S.D. Ohio Nov. 26, 2012) (finding stay of discovery appropriate where the dispositive motion raised failure to exhaust administrative remedies which, if proven, would be dispositive of the plaintiff's claims); *Nichols v. Baptist Mem'l Hosp., Inc.*, No.

02-2561-MAV, 2004 WL 2905406, at *2-3 (W.D. Tenn. April 2, 2004) (staying discovery where the Rule 12(b)(1) motion, if granted, would dispose of the entire case before the federal court).

Here, waiting to commence discovery involving the Federal Defendants is appropriate because they have filed a motion to dismiss establishing, among other grounds for dismissal, that they have sovereign immunity from Plaintiffs' claims and that Plaintiffs failed to exhaust their administrative remedies for their tort and contract claims.  If these motions are granted, no discovery is appropriate.  At a minimum, the Court's resolution of the motions will clarify which of Plaintiffs' eight claims, if any, continue.  Until that is known, the proper scope of discovery also cannot be known.

If discovery proceeds before the motion is decided, it will deprive the federal government of important protections of immunity and will undermine the statutory purposes of the Federal Tort Claims Act and Federal Crop Insurance Act's administrative exhaustion requirements.  It will force the Federal Defendants to incur significant time and expense despite these protections against the burdens of litigation.  More specifically, with respect to Plaintiffs' tort claims against the Federal Defendants, the law is clear that the administrative claim requirement is necessary to ease the administrative burdens on the judicial system and the Department of Justice; it also helps to control litigation costs by giving the agency an opportunity to investigate and resolve claims before litigation ensues.  *McNeil v. United States*, 508 U.S. 106, 112 (1993); *Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021).  The same can be said regarding Plaintiffs' contract claims, which are also subject to an administrative exhaustion requirement.  7 U.S.C. § 6912(e).  With respect to the Plaintiffs' constitutional claims, Plaintiffs are not entitled to seek discovery from FCIC and USDA because they are not proper defendants to Plaintiffs' constitutional claims and Plaintiffs have not named proper defendants.  (*See* ECF No. 47, PageID.3586-3588.)  Even assuming for

sake of argument that Plaintiffs had viable constitutional claims, these claims may only be asserted against individual federal defendants in their individual capacities. (*Id.*) The FCIC and USDA, who are not even proper defendants in Plaintiffs' constitutional claims, should therefore be protected from discovery.

In addition, there is no need for Plaintiffs to obtain discovery in connection with the Federal Defendants' motion to dismiss. (*See* Joint Status Report, ECF No. 38, PageID.3483 (all parties, including Plaintiffs, agreed and requested that "the Court establish deadlines for [discovery] disclosures and exchanges following a ruling on Defendants' motions to dismiss.")[1] The motion raises purely legal arguments, so there is no need for Plaintiffs to proceed now with discovery as to the FCIC and USDA. *See also Hahn*, 190 F.3d at 719 (finding no prejudice from stay of discovery where there was no showing that facts to be discovered were relevant to the dispositive legal issue); *Serenity Point Recovery*, *Inc.*, 2021 WL 5710724, at *1 (finding no prejudice from stay of discovery because plaintiffs did not need it to defend against the pending motion). As a result, the burden of allowing discovery to proceed against the Federal Defendants now substantially outweighs any benefit of allowing it to commence. *See* Fed. R. Civ. P. 1 (noting that rules should be construed "to secure the just, speedy, and inexpensive determination" of actions); Fed. R. Civ. P. 26(c)(1) (court may issue orders to protect a party from "undue burden or expense" of discovery).

---

[1] Plaintiffs' Response Brief does request leave from the Court to proceed to discovery in order to identify the "unknown individual government agents" that violated Plaintiffs' constitutional rights. (ECF No. 40, PageID.3508.) But, as stated in the Federal Defendants' Reply Brief, this does not excuse Plaintiffs' failure to name a proper, albeit unknown, *Bivens* defendant, nor does it permit Plaintiffs to proceed with a *Bivens* claim and seek discovery from FCIC and USDA—federal agencies who may not be sued under *Bivens*. (ECF No. 47, PageID.3586.) Moreover, Plaintiffs' Response states that they know the identity of one individual but chose not to name that individual as a defendant. (ECF No. 40, PageID.3506, n. 7.)

4

Finally, the Plaintiffs' allegations largely focus on conduct by Defendant Great American Insurance Company. (See ECF No. 26; PageID.2287-2294.) This is appropriate in light of its contractual relationship with Plaintiffs and its primary responsibility over the adjustment of Plaintiffs' insurance claims. (*Id.*) If the Court allows discovery to proceed despite the pending dispositive motions, that discovery should not include the Federal Defendants. Given the emphasis on the importance of proportionality in the Federal Rules of Civil Procedure, refraining from proceeding with discovery as to the Federal Defendants under circumstances like these is particularly appropriate. *See* Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the foregoing reasons, the Court should stay discovery as to the Federal Defendants until it has ruled on their Motion to Dismiss.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: November 3, 2023

*/s/ Laura A. Babinsky*
LAURA A. BABINSKY (P85670)
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Laura.Babinsky@usdoj.gov

5